Howes v. Walker, &c.

CASE 49—MANDAMUS—NOVEMBER 17.

# Howes v. Walker, &c.

### APPEAL FROM JOHNSON CIRCUIT COURT.

1. MANDAMUS LIES to compel a comparing board of election returns to give a certificate to the person receiving the highest number of votes for a given office.
2. QUESTION OF LAW.—Whether facts sufficient to authorize the writ of mandamus to issue be stated in the petition is a question of law to be determined on general demurrer.
3. To ENTITLE ONE TO A CERTIFICATE OF ELECTION TO A PARTICULAR OFFICE it must appear that he received a majority of the votes cast for that office. It is not sufficient that he had no opposing candidate at the close of the polls.

R. T. BURNS FOR APPELLANT.

1. The death of a candidate before the close of election day, no matter how many votes he may have received, will not prevent the election of a rival candidate at said election, who also received votes, though less in number than the votes cast for the dead man.
2. Even conceding that the Comparing Board had no power to inquire into any matter, and that all their power was ministerial and ceased when they summed up the votes, the Circuit Court should have determined the questions presented and then ordered the Comparing Board to make its canvass and issue its certificate in accordance with the decision of the court. (Burke v. Monroe Co., 4 W. Va., 370; State v. McGregor, 44 Ohio St., 628; State v. Garesch, 65 Mo., 480; McCrary on Elections, secs. 377-480.)

LUCKEY & MOORE ON SAME SIDE.

The duty of the Comparing Board to compare the polls and give a certificate to the party entitled to it is ministerial. (Gen. Stats., chap. 33, art. 5, sec. 2.)

Therefore the performance of the duty can be compelled by mandamus. (Bateman v. McGowan, 1 Met., 540; Clark v. McKenzie, 7 Bush, 523.)

STEWART & STEWART FOR APPELLEES.

The duty of the Comparing Board to compare the polls and give certificate of election to the candidate receiving the highest number of votes is merely ministerial, and the Board can act only on the face of the returns of the votes cast. When that is done there is no dere-

liction of duty and no mandamus will lie.    (Gen. Stats., chap. 38, sec. 2; Clark v. McKenzie, 7 Bush, 523.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant filed his petition in this case in which he sets out his cause for mandamus compelling appellees, composing the Board for examining poll books, to give him a certificate of election to the office of County Court Clerk of Johnson county, for which office he was a candidate and voted for by qualified voters at an election held on the first Monday of August, 1890.    The judge of the Johnson County Court was also made defendant, and a mandamus moved for requiring him to administer to appellant the oath of said office.

It has been held that the duties of a Comparing Board being ministerial, a mandamus will lie to compel them to perform them, which would include giving a certificate to the person receiving the highest number of votes for a given office.    (Clark v. McKenzie, 7 Bush, 523.)    But whether facts sufficient to authorize the writ of mandamus to issue, be stated in the petition, is a question of law to be determined on general demurrer as was done in this case adverse to appellant, plaintiff below.

The allegation of the petition is that the appellant was voted for at the election mentioned for the office of County Court Clerk of Johnson County, and his name was placed on the poll-books of each election precinct of that county as a candidate for said office; that he had no opposing candidate at the close of said election at 7 P. M. on said day; and that at said election he received a large number of legal votes cast and was thereby elected to said office.    Whether he was entitled to the writ or not is a question of law dependent for its decision in his

favor upon the essential fact he received the highest number of votes cast at said election for the office in dispute. . By the provision of section 2, article 5, chapter 33, General Statutes, the Comparing Board is required to ascertain the correctness of the summing up of the votes and give a written certificate of election, over their signatures, of the person who has received the highest number of votes for any office exclusively within the gift of the voters of the particular county. That Board had no authority to give to appellant the certificate unless he did receive the highest number of votes for the office in question, and, consequently, as that fact is not alleged in the petition the court was not authorized to grant the writ of mandamus, and there was no other alternative for the court but to sustain the demurrer. It is true the allegation is made that appellant did not have at the close of the polls an opposing candidate, but the omission to state he received the highest number of votes cast for that office was not cured or explained thereby. On the contrary, his failure to state that indispensable fact must be attributed to his inability to do so truthfully.

The demurrer was, in our opinion, properly sustained and the judgment is affirmed.