# DECISIONS

OF THE

# Kentucky Court of Appeals.

## SEPTEMBER TERM, 1897.

CASE 1—PETITION ORDINARY—OCTOBER 13.

## Moss, etc. v. Riley, etc.

APPEAL FROM BELL CIRCUIT COURT.

1. SCHOOL TRUSTEES—ELECTION OF—MANNER OF VOTING.—Under the provisions of the charter for cities of the fourth class (section 3606, Kentucky Statutes) such cities each constitute one common school district, and as the charter for such cities does not provide the manner in which the members of its board of education shall be elected, and the common school law (section 4434, Kentucky Statutes) provides that the vote in electing school trustees shall be taken *viva voce*, and as the members of the board of education perform the duties of trustees they should be elected in the same way. The whole question as to the manner of electing school trustees was left by the Constitution to the General Assembly.

2. STATUTORY CONSTRUCTION.—The provision in the charter for cities of the fourth class, that the members of the board of education shall be elected "by the qualified voters of the city," means those of the city who are qualified to vote under the general school law, which confers the right of suffrage on widows, etc., in such elections.

D. B. LOGAN FOR APPELLANTS.

1. The Constitution left to the General Assembly the duty of prescribing the manner of election of school trustees, but provided in section 147 that all other elections shall be by secret official

[1]

ballot. The framers of the charter for cities of the fourth class, by not prescribing the *viva voce* manner of electing members of the board of education evidently intended thereby to leave their election to be held under the provisions of the Constitution, which prescribed the manner of holding it unless it was otherwise provided by the General Assembly. Sections 147, 155, Kentucky Constitution; and sections 1446, 3588, 3589, 3596, 3606, 4364, 4434, 4471, Kentucky Statutes.

WM. LOW FOR APPELLEES.

1. The whole *viva voce* system which prevailed under the Constitution of 1849 continues in force in all elections of common school trustees, and in the district school elections, until changed by the General Assembly.
2. The members of the board of education in cities of the fourth class are nothing more nor less than school trustees.
3. Even if the charter for cities of the fourth class, had provided in express terms that elections of school trustees therein, should be by secret ballot, it would have been a local law and in violation of section 59 of Constitution, Am. & Eng. Ency. of Law, vol. 3, p. 695.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The sole question presented on this appeal is whether the members of the board of education of Pineville, a city of the fourth class, are to be elected by a *viva voce* vote or by a secret ballot. Beginning with section 145 and ending with section 154, under the head of "Suffrage and Elections," the Constitution prescribes the qualifications of voters, a scheme of registration and requires (section 147) that all elections by the people should be by secret official ballot. Other provisions contain limitations on the number of elections and fix the hours between which they were to be held. The filling of vacancies by election or appointment was also provided for. Then follows section 155, namely: "The provisions of sections 145 to 154, inclusive, shall not apply to

the elections of school trustees and other common school district elections.    Said elections shall be regulated by the general assembly, except as otherwise provided for in this Constitution."

Pursuant to these sections the general assembly passed a general election law, providing, among other things, that "in all elections hereafter held in this State on any subject which may by law be submitted to a vote of the people, and for all or any State, district, county or municipal offices, except school trustees and other common school district elections, the voting shall be by secret official ballot, printed and distributed as hereafter provided, and no other ballots shall be used."    (Kentucky Statutes, section 1446.)

Then follows sections providing for the appointment of election officers, the form of official ballots and directing generally as to the conduct of the election and the manner of counting the ballots.    So far we find no plan for the election of school trustees.    But in section 4434, Kentucky Statutes, found in the general law regulating common schools, we find a statute providing that "each school district shall be under the control of three trustees.    The vote in electing the trustee shall be taken *viva voce*, and the election shall be held at the schoolhouse, and if no schoolhouse be in the district, at such convenient place as the trustees may select, from one o'clock to six o'clock in the afternoon on the first Saturday in June each year, and at this election the qualified voters of the district shall be electors, and any widow having a child between six and twenty years, or any widow or spinster having a ward, etc., may also vote."

This law was enacted at the session of the general assem-

bly which adopted the charter governing the cities of the fourth class, the two laws being adopted within a few days of each other.

The charter provisions on this subject are as follows:

"There may be maintained a system of public schools at which all the children residing in the city between the ages of six and twenty years may be taught at the public expense. Said school shall be under the control of a board, to be styled 'Board of Education' consisting of two trustees from each ward of the city, to be elected at the general November election in 1893, by the qualified voters of the city at large. They shall meet and qualify on the first Monday in January after their election. The trustees so elected shall hold their offices one-half for two years and one-half for four years, as shall be determined by lot at the first regular meeting after the election. And at the general election, every two years thereafter, there shall be elected by the qualified voters of the city at large one trustee from each ward in the city in which the terms of his predecessor in office will then expire. Said trustees shall possess the same qualifications as are required for a councilman. Said board of education shall continue, and it is hereby declared, a body politic and corporate, under the name and style of board of education, with perpetual succession, and by that name may contract and be contracted with, sue and be sued, have and use a corporate seal, the same to renew or alter at pleasure; may purchase, receive, hold, lease, sell and dispose of real and personal estate for public school purposes. The control and management of the public schools of the city and property and funds thereunto belonging shall be, and is

Moss, etc. v. Riley, etc.

hereby, vested in said board, subject to the provisions of this law, etc." (Kentucky Statutes, section 3588.)

Section 3606, Kentucky Statutes: "Any city of the fourth class, in which said system of public schools shall be established and maintained, shall constitute one common school district, and the superintendent of public instruction shall pay every year out of the common school fund of the State (to the white board of education the same amount per capita for each white child of pupil age in said district, and to the colored board of education the same amount per capita for each colored child of pupil age in said district as he shall pay to each child of pupil age in other school districts in the State)."

These seem to be the only provisions affecting the question under consideration. From the sections of the Constitution quoted, it is clear that the framers of that instrument did not intend to require a secret ballot in the election of trustees of common schools, or in any election in common school districts, and it seems equally clear that this did not prohibit the General Assembly from adopting such a system. The question was left to the General Assembly. While this is true, the intention of the framers of the organic law, as well as that of the General Assembly in adopting the general election law, would seem to be against the policy of adopting the secret ballot in the election of such trustees. This is, however, an implication merely, and as in direct terms the question is left to the General Assembly, we do not doubt the power of the latter body to control the method of such elections, at any rate by general law.

And we are of the opinion, as there is nothing in the

charter prescribing the secret ballot in the election of trustees or the members of the board of education, the Legislature intended to leave the matter where it was left by the Constitution and by the general law.

This view of the question requires the election to be held by the *viva voce* system. In express terms, the election is to be at the November election, the regular officers of which must provide therefor, and at which the qualified voters of the city may participate. We regard it immaterial that the trustees are denominated the board of education. They perform the duties of trustees, and the election is held in "a common school district" under the express provision of section 3606, Kentucky Statutes.

We are in doubt as to the meaning of the clause "qualified voters of the city," but in view of the general law conferring the right of suffrage on widows, etc., in such elections we are inclined to hold the words to mean those of the city who are qualified to vote under the general school law.

The judgment below is in accord with these views, and is, therefore, affirmed.