CASE 66—MANDAMUS—FEBRUARY 1.

# Booe, County Judge, Etc. v. Kenner.

APPEAL FROM FLEMING CIRCUIT COURT.

MANDAMUS—COUNTY CANVASSING BOARD.—Mandamus does not lie to control the discretion of county canvassing boards in determining how contested ballots shall be counted.

JOSEPH H. POWER, FOR THE APPELLANT.

1. The court erred in considering and trying plaintiff's motion for a peremptory writ of mandamus because plaintiff had no motion in court and the court had no jurisdiction over the same. Civil Code, secs. 445, 446, 447, 335, 362; Bent v. Maupin, 86 Ky., 271.

2. The court had no power to enter the plaintiffs' motion *nunc pro tunc.* Stevens v. Wilson, 14 B. M., 88; Freeman on Judgments, secs. 61, 62, 63, and 68; Carlisle v. Killenbrew, 24 Am. St. Rep., 915; Adams v. Re Qua, 1 Am. St. Rep., 191; Scroggin's Admr., v. Scroggin, 1 J. J. M., 365; Finnell v. Jones' Extx., 7 Bush, 359.

3. The court erred in directing a peremptory writ of mandamus to issue, commanding the persons composing the present board of canvassers to re-assemble and re-canvass the vote. No court has a right to the jurisdiction of the person of a man, although he be a member of the city council or canvassing board, until he has in some way been notified of the proceedings and brought before the court. High on Extraordinary Legal Remedies (3d. ed.), sec. 38; Maddox v. Knox, 2 Met., 71; Lindsey v. Auditor, 3 Bush, 233; U. S. v. Boutwell, 84 U. S., Book 21 Lawyers' Ed., 721; Secretary v. McGarrahan, 76 U. S., Book 19 Lawyers' Ed., 583.

B. S. GRANNIS, ON THE SAME SIDE.

1. The court erred in entering upon the trial of this cause over the protest of appellants when appellee had no motion in court.

2. Mandamus will not lie where a party has any other adequate remedy. The cases of Clark v. McKenzie, 7 Bush, 523, and Houston, *et al.*, v. Steele, 17 Ky. L. R., 1149, are wrong in principle and ought to be overruled. Plaintiff's remedy was to contest the election in the manner provided for by the statutes.

McKee v. Supervisors, 10 Col., 376; McCrary on Elections, sec. 335; High on Extraordinary Legal Remedies, secs. 15, 57, 177; People v. Supervisors, &c., 12 Barbour, 217; State v. Rodman, 43 Mo., 256; Shine v. Ky. Cent. Ry. Co., 8 Ky. Law Rep., 748; Goheen v. Myers, 18 B. M., 423.

3. Aside from the questions of law herein discussed, the court erred in its conclusion as to what ballots should or should not be counted.

4. The court erred in awarding a mandamus against Booe, Scott and Dudley, who came into office since the institution of this suit, and who had never been parties to the suit. Clark v. McKenzie, 7 Bush, 527; Maddox v. Graham, 2 Met., 71; City of Louisville v. Keen, 18 B. M., 13; Lindsey v. Auditor, 3 Bush, 233; High on Extraordinary Legal Remedies, sec. 38; U. S. v. Boutwell, 17 Wall., 604; I. William IV., chap. 21, sec. 5; Secretary v. McGarrahan, 9 Wall., 313.

POWER & POWER, AND CASSIDY & CASSIDY, IN A SUPPLEMENTAL BRIEF FOR THE APPELLANTS.

Additional citation: Anderson v. Likens, 104 Ky., 699.

W. G. DEARING, J. B. CUMBER, F. HOWARD McCARTNEY, JOHN P. McCARTNEY, FOR THE APPELLEES.

1. The motion for a mandamus was filed pursuant to the notice. This was a sufficient entering of the motion. Bent v. Maupin. 86 Ky., 272; Miller v. Boyd 1 Dana, 272. The court therefore very properly made the order *nunc pro tunc*, entering the motion as of that date.

2. Mandamus was the proper remedy to compel the board to reassemble and count the ballots. Houston v. Steele, 17 Ky. Law Rep., 1154.

3. Upon the principles applicable to the counting of ballots. Houston v. Steele, *supra;* Hope v. Flentge, 41 S. W. R., 1002.

4. It was proper to award the mandamus against the successors in office of the original board of canvassers. Clark v. McKenzie, 7 Bush, 531; Lindsey v. Auditor, 3 Bush, 233; City of Louisville v. Kean, 18 B. M., 13.

SAME COUNSEL FOR THE APPELLEE IN A SUPPLEMENTAL BRIEF.

Additional citations: Anderson v. Likens, 104 Ky., 699; Howes v. Walker, 92 Ky., 259-60; Ky. Stats., secs. 1508, 1534, 1539.

Booe, County Judge, &c., v. Kenner.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

At the November election, 1897, appellee, E. H. Kenner, was a candidate for clerk of the Fleming County Court. By the returns of the election, as the vote was counted by the precinct officers, appellee received 1,900 votes, and his opponent, George P. Dudley, 1,897 votes; but there were twenty disputed ballots returned with the poll books, which were opened by the County Canvassing Board, who counted seven of these ballots for Dudley, and two for appellee, making the result stand, for appellee 1,902 votes, and for Dudley 1,904 votes, and they accordingly issued the certificate of election to Dudley on November 5, 1897.     Thereafter, on November 13, appellee filed his petition for a mandamus against the County Canvassing Board to recount the votes and issue to him the certificate of election; alleging that the disputed ballots counted for Dudley could not be legally counted, and that he had received a majority of the votes cast.     On the hearing of this petition the Circuit Court held that three of the disputed ballots should be counted for Dudley, and one for appellee, which would give Dudley 1,900 votes, and appellee 1,901 votes; and he thereupon awarded a mandamus requiring the County Canvassing Board to meet again and recount the vote pursuant to his judgment, and issue a certificate of election to appellee.     To this judgment they excepted, and have prosecuted this appeal to this court, insisting that the Circuit Court could not by mandamus control them as to how they shall decide upon the validity of the disputed ballots.

It will be observed that the Canvassing Board met as provided by law, and acted upon the returns made to them. There is no complaint of their failure to discharge any duty imposed upon them.     The complaint is simply that they decided wrong, and counted ballots which they ought

not to have counted. The question, therefore, is presented whether appellee's remedy when they decided against him was to give notice, and take his case before the board for contesting elections, or to apply for a mandamus, as in this case. This precise question was presented to this court in the recent case of Anderson v. Likens, 104 Ky., 699, 20 Ky., L. R., 1001, [47 S. W., 867], where it was unanimously held, after full discussion, that mandamus is not the proper remedy. The court said: "For the mode and time of judicial investigation as to the meaning, legality, and regularity of the ballots thus required to be sealed up and returned to the clerk of the County Court, as the statute provides, is by appeal to the Contesting Board, evidently intended to be invested with judicial functions; thence by appeal to the Circuit Court; hence to the Court of Appeals."

This decision only applied a rule often announced by this court. Thus in Louisville v. Keen, (18 B. M., 17), it was said: "The doctrine seems to be well settled that, when the inferior tribunal or the subordinate public agents have a discretion over the subject-matter, that discretion can not be controlled by mandamus, although it may have been improperly exercised. If there be a refusal to act upon the subject or to pass upon the question on which such discretion is to be exercised, then the writ may be used to enforce obedience to the law; but, when the question has been passed upon, it will not be used for the purpose of correcting the decision."

In Dickens v. Cave Hill Cemetery., 93 Ky., 389, [20 S. W., 283], the court said: "It is well settled by this court (see Cassidy v. Young, 92 Ky., 227, [17 S. W. 485]) that, to entitle a party to this writ, the officer's duty

must be strictly ministerial. But, if he may act in the premises according to his judgment and discretion, then mandamus will not lie to control his judgment and discretion, even though that judgment and discretion are at variance with what is clearly right or dutiful in the premises."

Innumerable other similar quotations may be made; and in Anderson v. Likens, after a very careful consideration, this court came to the conclusion that the duties required of the County Canvassing Board in passing upon contested ballots, under our present statute, are not wholly ministerial, but involve judgment and discretion, and that an error of theirs in deciding upon these ballots can not be corrected by mandamus. We feel constrained to adhere to this ruling, so recently made, and after a thorough examination of the question by the whole bench. The statute provides that no ballot shall be rejected "for any technical error which does not make it impossible to determine the voter's choice." Ky. Stat. section 1471. In determining what was the voter's choice, nice questions often arise, requiring both discretion and judgment; and we do not think it was contemplated by the statute that county officers, after exercising their best judgment in determining these matters, should be liable to the cost of a mandamus proceeding for an error of judgment on their part. In such a proceeding the opposing candidate is not a party to the suit, and has no right to control the defense or offer evidence. The suit is simply against the officers for an alleged failure to do their duty. After this suit is over, where a mandamus is awarded directing a new count, the whole question can be brought up again before the Contesting Board. It seems to us a wiser and sounder

rule to let the appeal to the courts follow the action of the contesting board, and let the contest be conducted by the real parties in interest.

It is insisted that Anderson v. Likens is in conflict with Clark v. McKenzie, 7 Bush, 523; Howes v. Walker, 92 Ky., 258, [17 S. W., 576]; and Houston v. Steele, 98 Ky., 596, [34 S. W., 6]. The cases of Clark v. McKenzie and Howes v. Walker were decided under a statute which imposed upon the board only ministerial duties, and gave them no discretion. These cases were decided under the viva voce system of voting before voting by ballot was introduced in this State. The statute then in force only empowered them to foot up the returns, and give a certificate to the candidate receiving the highest number of votes; but our present statute, as construed by this court, has imposed upon them the additional duty of examining and passing upon the validity of the disputed ballots, and, in determining from the ballots what the voters' intentions were, they must in many cases exercise nice judgment and discrimination.

In Houston v. Steele, it will be seen from the opinion (98 Ky., 599, [34, S. W., 6]), that an answer was filed without objection to the form of the action, and this court reached the same conclusion as the County Board had reached. The case was considered on the merits because the parties presented it in that way and the result was the same as if it had been held that mandamus did not lie. The reasoning of the opinion sustains the contention of appellee, but upon reconsideration it was not satisfactory to the court. It was, in effect, overruled in Anderson v. Likens, though not referred to in that opinion; and, so far it is inconsistent with that and this opinion, it is now overruled.

It is insisted for appellee that he took his proceeding in this case relying upon the case of Houston v. Steele, and that, after he has acted upon it, this court can not in justice overrule that decision, when to do so will be to defeat his action. In answer to this, we will add that we have carefully examined the record, and are satisfied that the decision of the County Canvassing Board in giving Dudley the certificate of election was right, that the intention of the voter can be determined from an inspection of several of the ballots rejected by the court below, and that on the merits of the case the mandamus should be denied. The judgment is therefore reversed, with directions to dismiss the petition.