# St. Louis, Iron Mountain & Southern Railway Company v. McWhirter, Administratrix of the Estate of Etwal McWhirter, Deceased.

### (Decided October 15, 1913).

## Appeal from Hickman Circuit Court.

Courts—Court of Appeals—Practice on Reversal of Judgment By Supreme Court of the United States.—Where, upon an appeal from a judgment of the Court of Appeals to the Supreme Court of the United States, the judgment is reversed and cause remanded for further proceedings not inconsistent with the opinion of the Supreme Court of the United States, the Court of Appeals is without authority to enter a final order in the case, but must, in pursuance of secion 761, sub-section 2, Civil Code of Practice, which provides that upon the reversal of a case, it must be remanded for trial or other proceedings, remand the case for further proceedings not inconsistent with the opinion of the Supreme Court of the United States. (For original opinion, see 145 Ky., 427).

E. T. BULLOCK, R. T. RAILEY for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing and remanding on mandate of the Supreme Court.

Following the affirmance by this court, of a judgment of the Hickman Circuit Court, for $3,000 damages, recovered against appellant by appellee for the death of her intestate, caused, as alleged, by the appellant's neg-

ligence, the latter carried the case, on a writ of error, to the Supreme Court of the United States, which, upon a review of the record, reversed the judgment of this court. In due course the opinion and mandate of the Supreme Court of the United States were filed and entered in this court, since which the appellant has entered a motion whereby this court is asked to reverse the judgment of the Marshall Circuit Court, which the Supreme Court of the United States held it had erroneously affirmed, and also to enter a final judgment dismissing appellee's petition, before remanding the case to the circuit court.

For obvious reasons the motion for a final judgment here cannot prevail. The contemplation of such action by this court is not indicated by the opinion of the Supreme Court of the United States or directed by its mandate. On the contrary, the language of the closing paragraph of the opinion is: "The judgment of the Court of Appeals of Kentucky must be reversed and the case remanded for further proceedings not inconsistent with this opinion;" and that of the mandate, after reciting the hearing and argument of the case in the Supreme Court of the United States, is as follows: "In consideration whereof it is now here ordered and adjudged by this court that the judgment of said Court of Appeals in this cause be, and the same is, hereby reversed with costs; and that the said appellant, St. Louis, Iron Mountain & Southern Railway Company, recover against the said appellee two hundred and forty-one dollars and forty-five cents for its cost herein expended and have execution therefor. And it is further ordered that this cause be, and the same is hereby remanded to the said Court of Appeals for further proceedings not inconsistent with the opinion of this court."

In view of the language of the opinion and mandate, the status of the case in this court must be the same as if the judgment of the Marshall Circuit Court had been reversed instead of affirmed by it; therefore, it can only reverse the judgment of that court, the effect of which must be to remand the case to the circuit court, with directions to that court to grant appellant a new trial, to be followed by such further necessary proceedings as will not be inconsistent with the opinion of the Supreme Court of the United States.

Section 761, subsection 2, Civil Code of Practice, provides as follows:

"If a judgment be reversed, and the case remanded for a trial, or other proceedings, it shall stand for trial, or for such other proceedings, in the court whence the appeal was taken, at the next succeeding term thereof: *Provided,* That the mandate of the Court of Appeals be filed in the clerk's office of the lower court, and notice thereof given to the adverse party, if he be in the county; or, if he be absent from the county, to his attorney, ten days before the commencement of such term."    *    *    *

While such proceedings as are had in this court, following the entering therein of the mandate of the Supreme Court of the United States, must conform to the requirements of the mandate of that court and be consistent with its opinion, they must also conform to the rules of procedure declared by the Civil Code of Practice in this State. Scott v. Scott, 9 Bush, 174; McLean v. Nixon, 18 B. Mon., 758; Western Bank v. Coldway, 29 Ky. Law Rep., 653.

Whatever may be the manner of proceeding in other jurisdictions, there is in this State no rule of practice that would permit this court, in an appeal, to enter, as requested by appellant's counsel, a final judgment dismissing the appellee's petition; nor is there anything in the mandate or opinion of the Supreme Court of the United States that requires it to do so. Such a judgment may be entered in the circuit court if, upon another trial of the case, the evidence introduced in support of appellee's cause of action should be substantially the same as that introduced in her behalf on the former trial of the case in that court; for in that event, it would be the duty of the circuit court to peremptorily instruct the jury to find for appellant, upon which verdict the judgment of nonsuit would be entered. If, however, in addition to the evidence presented in her behalf on the first trial, appellee should introduce other evidence sufficient to support her cause of action, the case should again be submitted to a jury. Louisville & Nashville Railroad Co. v. Goodwin, 151 Ky., 149.

In the opinion of the Supreme Court of the United States it is declared that the evidence introduced in appellee's behalf on the first trial was not sufficient to authorize the submission of the case to the jury, therefore, a peremptory instruction should have been given in behalf of appellant.

Appellee's cause of action was bottomed upon the theory that her intestate's death "resulted from the

wrongful and negligent acts of the conductor and engineer in charge of the train and the negligent and wrongful acts of the train dispatcher and higher officers of the defendant company;'' and further, that the intestate ''had been permitted and required by the officers and agents of the defendant to be and remain on duty for a longer period than sixteen consecutive hours, next before the aforesaid accident, in violation of chapter 2939, sections 2, 34, Statute, 1416, of the Acts of Congress of the United States relating to interstate commerce; being a part of an act entitled 'An Act to promote the safety of employees and travelers upon railroads by limiting the hours of service of employees thereon,' '' and also an act entitled ''An Act relating to the liability of common carriers by railroad to their employees in certain cases.'' As, therefore, the cause of action was based upon a federal statute or statutes, the opinion of the Supreme Court of the United States holds that that fact authorized the court to review the evidence upon which the case went to the jury as well as the errors of law arising upon the record; in doing which it reached the conclusion that while, in permitting appellee's intestate to work beyond the expiration of the sixteen consecutive hours fixed by the statute, appellant was guilty of negligence, such negligence gave no ground for liability in the absence of proof showing a causal connection between the injury complained of and such negligence. In other words, that in addition to proof of appellant's working the intestate beyond the statutory time, it was necessary that there should also have been evidence conducing to show that his death was caused by the negligence of its engineer in permitting him to be run over by the engine pulling the train; and as this was not shown, a nonsuit should have followed. Admitting the force of this conclusion, if on another trial appellee could introduce evidence showing negligence on the part of appellant's engineer which, in connection with that of appellant in working the intestate overtime, would under the law be regarded the proximate cause of his death, should she not be permitted to do so? There is nothing in the language of the opinion which takes from her such right, and it is accorded her by section 761, subsection 2 of the Civil Code. Of course, the proceedings in the trial court would have to conform to the opinion of the Supreme Court of the United States; and, as it is admitted in the

petition, that the intestate was, when killed, engaged in interstate commerce, the evidence, as a whole, would have to be sufficient to authorize a recovery by her under the federal statute, and not under the statute of this State allowing a recovery for the death of an intestate by the wrongful act or negligence of another. Illinois Central R. R. Co. v. Doherty's Admr., 153 Ky., 363; Finan's Admr. v. S. Cov. & Cin. St. Ry. Co., 153 Ky., 346.

It is our conclusion, therefore, that the motion of appellant for a judgment dismissing the petition should be, and it is, hereby overruled. But the judgment of the circuit court from which the appeal was prosecuted to this court, is, as directed by the opinion and mandate of the Supreme Court of the United States, reversed, and the cause remanded to the circuit court for a new trial and further proceedings not inconsistent with the opinion of the Supreme Court of the United States.