## Cheatham, et al. v. Williams.

(Decided December 15, 1925.)

### Appeal from Spencer Circuit Court.

1. Elections—Filing of Certificate of Nomination with County Clerk Mandatory and Prerequisite to Placing Name on Ballot.—Filing of certificate of nomination with county clerk as required by statute is mandatory, and, unless complied with, clerk has no authority to place nominee's name on ballot as candidate.

2. Mandamus—Will Not Lie to Control Discretion.—Discretion of an official or board cannot be controlled by mandamus.

3. Mandamus—Lies to Compel Performance of Ministerial Duty.—Mandamus will lie to require an official or board to perform a purely ministerial duty.

4.  Mandamus—Mandamus Held Not to Lie to Compel Election Board
    to Issue Certificate of Election.—Determination of legality of
    names appearing on ballot being without jurisdiction of board of
    county election commissioners, mandamus will not lie to compel
    board to issue certificate of election to particular person in theory
    that opposing candidate's name was illegally on ballot.

R. F. MATTHEWS and GILBERT & PICKETT for appellants.

EDWARDS, OGDEN & PEAK for appellee.

OPINION. OF THE COURT BY JUDGE McCANDLESS—Dissolving injunction and reversing.

At the primary election in August, 1925, Thad Cheatham was duly nominated as the Democratic candidate for the office of county attorney of Spencer county. He did not file his certificate of nomination 45 days before the November election but the county clerk had his name printed on the official ballot as such nominee and at that election 774 votes were cast for him. There was no opposing candidate on the ballot but a number of voters wrote the name of Amos Williams as a candidate for that office, with a black lead pencil in the proper blanks provided for that purpose on the official ballots, and stenciled in the square opposite thereto as authorized by section 1471, Ky. Statutes, there being thus cast for him 572 votes.

The election was held on the 3rd of November, and on the 6th, presumably at the time of canvassing the returns by the county board of election commissioners, this suit in equity was filed against Cheatham and the county election commissioners for a mandatory injunction requiring a certificate of election to be awarded and issued to Williams on the ground that Cheatham's name was illegally upon the ballot; that the votes cast for him were void and that therefore Williams had received a majority of the legal votes cast. A temporary restraining order was granted by the circuit clerk and on final hearing the full relief prayed was granted by the circuit judge. A complete transcript of the record has been filed in this court and motion made to dissolve that injunction and the case briefed on its merits, and the court deems it advisable to thus consider it.

In a number of cases we have held that the filing of certificates of nomination with the county clerk as required by the statute is mandatory and unless complied with the clerk of the county court has no authority to

place the name of such nominee upon the ballot as a candidate. Daniels v. Blankenship, 198 S. W. 48; King v. McMahan, 179 Ky. 536; Justice v. Justice, 184 Ky. 131. The same conclusions were reached in Hulette v. Carter, 194 Ky. 459.

Appellee, however, relied upon a custom in Spencer county for the clerk to retain the certificates of nomination awarded in a primary election and file them within the time required by law; and (2) insists that Justice v. Justice, *supra,* and similar cases should be overruled, and (3) that plaintiff's remedy is by a contest of the election, and that the relief sought cannot be afforded in this form of action. It is unnecessary to discuss the first two questions as we have reached the conclusion that the last is a correct view of the law.

It is elementary that the discretion of an official or board cannot be controlled by mandamus. Conversely mandamus will lie to require such persons to perform a purely ministerial duty or to require an officer clothed with judicial powers to act, though not to control his discretion. It has thus been held that the county clerk may be compelled to place the names of legally nominated candidates upon the ballot, Blankenship v. King, *supra;* Robertson v. McCandless, 123 Ky. 602, this being a legal duty. It has also been held that the board of election commissioners may be required to canvass questioned or doubtful ballots. Huston v. Steele, 98 Ky. 596; Anderson v. Likens, 104 Ky. 699.

In Huston v. Steele, *supra,* it was intimated that the court could direct the manner in which such doubtful ballots could be counted. This, however, has been emphatically denied in Anderson v. Likens, 104 Ky. 699, and Booe v. Kenner, 105 Ky. 517. Aside from the discretion exercised in determining for whom questioned ballots are to be counted the cases are uniform in holding that the duties of the board are purely ministerial and consist in correctly tabulating the returns as officially made and certified to it. It can hear no proof nor send for any persons or papers, but acts on the face of the returns when they are made as the law requires. Steele v. Meade, 98 Ky. 614; Huston v. Steele, *supra;* Bach v. Spencer, 68 S. W. 442.

In order to determine the legality of the names of candidates appearing on the ballot, it is necessary to hear proof and to determine questions of law and fact: this involves the exercise of judicial power and is not

within the jurisdiction of the board. As it cannot be compelled by mandamus to perform anything but a legal duty, it certainly cannot be compelled to act without its judisdiction. It therefore clearly appears that plaintiff's remedy is by contest, in which ample provision is made for relief.

King v. McMahan and Justice v. Justice, *supra,* were election contents, and Hulette v. Carter was treated as such. Daniels v. Blankenship was an action for a mandatory injunction against the clerk to place certain names upon the official ballot, a ministerial duty, hence none of these cases is authority on this point or conflicts with these views.

Wherefore, the mandatory injunction granted by the lower court is set aside and cause remanded, with instructions to dismiss the petition. Whole court sitting.