### Ridings v. Jones.

(Decided March 26, 1926.)

### Appeal from Laurel Circuit Court.

1. Elections—Corrupt Practice Act is Mandatory as to Filing of Pre-Election Expense Account, but Directory Only as to Time of Filing it (Corrupt Practice Act, Sections 1, 18 [Ky. Stats., Sections 1565b-1, 1565b-18]).—Corrupt Practice Act, sections 1, 18 (Ky. Stats., sections 1565b-1, 1565b-18), is mandatory as to filing of pre-election expense account, but directory only as to time when it shall be filed, and substantial compliance with statute as to time of filing is sufficient.

2. Elections—Corrupt Practice Act Held Intended to Apply to Elective Offices Mentioned Therein Whether then in Existence or Subsequently Created (Corrupt Practice Act, Sections 1, 18 [Ky. Stats., Sections 1565b-1, 1565b-18]).—Corrupt Practice Act, sections 1, 18, (Ky. Stats., sections 1565b-1, 1565b-18), held intended to apply to nomination or election of any state, county, city, town, district, or municipal officer, whether office was then in existence or was subsequently created.

3. Elections—Corrupt Practice Act Applies to Election of Members of County School Board (Acts 1916, c. 13 [Ky. Stats. 1922, Section 1565b-1, et seq.]; Constitution, Sections 151, 155, 183; Ky. Stats. 1922, Section 1586; Acts March 22, 1920, c. 36 [Ky. Stats. 1922, Section 4399a-1]; Acts March 24, 1908, c. 56 [Ky. Stats. 1915, Section 4426a]).—Corrupt Practice Act (Ky. Stats. 1922, section 1565b-1, et seq.), authorized by Constitution, section 151, applying to all county officers, and broader in scope than Ky. Stats., section 1586, applies to election of members of county school board, under Acts March 22, 1920, c. 36 (Ky. Stats. 1922, section 4399a-1), who are regarded as county or district officers, though Constitution, section 155, places school elections in class by themselves, since Acts March 24, 1908, c. 56 (Ky. Stats. 1915, section 4426a), creating the board, does not exempt its members from Corrupt Practice Act, and, under Constitution, sections 155, 183, Legislature has power to regulate school district elections.

4. Elections—Election in which Prevailing Candidate for County Board of Education Fails to File Pre-Election Expense Account is Void (Corrupt Practice Act [Ky. Stats., Section 1565b-1, et seq.]). —Prevailing candidate for county board of education failing to file a pre-election expense account, as required by Corrupt Practice Act (Ky. Stats., section 1565b-1, et seq.), cannot be declared elected under section 11, nor can contestant be declared elected, but election must be declared void.

LEWIS, BEGLEY & LEWIS for appellant.

LUKER & HAMM and H. C. CLAY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

John M. Ridings and Merit Jones were opposing candidates for the office of member of the county board of education in educational division No. 5 of Laurel county at the regular November election, 1925. Jones received a majority of the votes cast and was issued a certificate of election. Ridings contested his election, among other things on the ground that Jones had not filed a pre-election expense account as provided by the Corrupt Practice Act. Jones filed an expense account after the election and before he received his certificate, but he did not file any expense account before the election. The circuit court held that the Corrupt Practice Act did not apply to such school elections. Ridings appeals.

Sections 144-145 of the Constitution regulates suffrage and elections. Section 151 provides that the General Assembly shall provide suitable means for depriving of office any person who, to procure his nomination or

election, has been guilty of any unlawful use of money or any other corrupt practice. But section 155 is in these words:

"The provisions of sections 145 to 154, inclusive, shall not apply to the election of school trustes and other common school district elections. Said elections shall be regulated by the General Assembly, except as otherwise provided in this Constitution."

It will be observed that section 151 does not apply to the election of school trustees and other common school district elections, but it will also be observed that these elections may be regulated by the General Assembly, except as otherwise provided in the Constitution. There is no other provision of the Constitution touching the subject except section 183, which provides:

"The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state."

Construing these provisions in Crook v. Bartlett, 155 Ky. 301, the court said:

"It is also urged that the county superintendent is a county and not a district officer, because his compensation is paid by the people of the county, but this circumstance is not entitled to weight in determining the status of this officer. If the legislature should provide for the election of common school trustees by the people of the entire county, as it may do, these trustees might, with as much force, be called county officers. It is a matter of no consequence by what name school officers are designated or by what authority their compensation is paid, or whether they are elected from what may be called districts or the county at large. It is the fact that they are school officers that brings them within the meaning of section 155 and thereby exempts them from the operation of the other sections relating to suffrage and elections. In exempting school officers and school elections from the general provisions relating to elections, the framers of the Constitution had in view the large purpose of putting all common school elections in a class by themselves, and this manifest purpose should not be frustrated by attaching undue importance to particular words, or by giv-

ing to them a meaning that would defeat the intention of section 155 when considered as a whole. This section should be given a liberal construction and one that will carry out what seemed to be the purpose of its enactment, which was to leave the legislature a free hand in everything relating to the management and control of the common schools of the state except when restrained by other sections of the Constitution. The legislature having this view of the meaning of section 155, has from time to time made radical changes in almost every administrative feature of the school laws. For example, it has virtually abolished the school trustee; it has created county boards in place of district boards; it has granted a limited suffrage to women, and then taken it away; it has enlarged district boundaries in this place and decreased them in that; it has, in short, adopted every new method that seemed to it available and practicable for the purpose of affording better educational facilities.''

To same effect see Moss v. Riley, 102 Ky. 1; Clark v. Board of Trustees, 164 Ky. 213; Smith v. Board of Trustees, 171 Ky. 39; Hoskins v. Ramsey, 197 Ky. 468.

Under the act of March 24, 1908, Kentucky Statutes, 1915, 4426a, each county in the state was divided into educational divisions. The trustees of the various school districts in each educational division elected a chairman, and these chairmen, together with the county superintendent, constituted the county board of education. By the act approved March 22, 1920, p. 148, Kentucky Statutes, 1922, section 4399a, it was provided that all elections for members of the county board of education shall be held on the regular election day in November, and it shall be the duty of the county court clerk to cause to be printed on the ballot used for the election of members of the county board of education the names of all candidates for membership in whose behalf a petition was filed as provided in the act. It shall be the duty of the county court clerk to prepare a separate ballot on which shall be placed the names of the candidates for membership on the county board of education with no party emblem or device or distinguishing mark of any character, save the words ''school ticket'' at the head thereof. The ballots cast at the election shall be deposited in a separate ballot box and the election officers shall make out for the election a separate tally sheet and certificate.

When this act was passed the act of March 13, 1916, to prevent corrupt practice in elections was in force. Acts 1916, p. 53, Kentucky Statutes, 1920, section 1564b. This act is much broader than section 1586, Kentucky Statutes, punishing bribery in elections, which was the only statute passed by the General Assembly up to that time in compliance with section 151 of the Constitution. The title to the act is in these words:

"An act to promote pure elections, primaries and conventions, and to prevent corrupt practice in the same; to limit the expenses of candidates; to prescribe the duties of candidates and providing penalties and remedies for violations, and declaring void, under certain conditions, elections in which these provisions or any of them have been violated."

By the first section of the act it is made unlawful for any person or corporation under certain circumstances to contribute money or other thing of value toward the nomination or election of any state, county, city, town, district or municipal officer. By the third section it shall be unlawful for any person who is a candidate for nomination or election for "any state, county, city, town, municipal or district office" to enter into any certain agreements in consideration of support in the election. By the fourth section any person who shall be a candidate before any caucus or convention, or at any primary election, before any final election for "any state, city, county, town, municipal or district office," shall at a certain time beforehand file his pre-election expense account. By the sixth section every candidate, as previously mentioned, shall within thirty days after the election, caucus, convention or primary election, make and file his final statement of expenses. Section 11 provides that in any contest over the nomination or election of any officer mentioned in the act, it may be shown that the provisions of the act have been violated by the candidate, and if it so appears upon the trial of the contest then the nomination or election shall be declared void. By section twelve the provisions of the act apply to the nomination and election of the members of the General Assembly. Then follows sections 13, 14, 15, 16 and 17, limiting the amount that the candidate for certain offices may expend. Then follows section 18 in these words:

"No candidate for any other office in this state in a primary or before a convention or caucus shall

expend·or have expended for him together exceeding five hundred dollars ($500.00), and the sum shall not be exceeded in the final election.''

Construing the statute this court has steadily held that the statute is mandatory as to the filing of the pre-election expense account, but directory only as to the time when it shall be filed, and a substantial compliance with the statute as to time of filing is sufficient. Sparkman v. Saylor, 180 Ky. 263; McKinney v. Barker, 180 Ky. 526; Hardy v. Russell, 181 Ky. 287; Bingham v. Johnson, 193 Ky. 753; Hoskins v. McGuire, 194 Ky. 785.

The question presented is does the Corrupt Practice Act apply to the election of members of the county school board in view of the fact that the Constitution places school elections in a clas to themselves, that the legislature has under the Constitution so dealt with them, prescribing different qualifications for voters or for holding office and a different time and mode of holding the election, and that members of the county board are not nominated by caucus, convention or primary election, but are elected as provided in the act of 1920 without regard to political affiliations?

Plainly the legislature did not have members of the county school board in mind in passing the Corrupt Practice Act, for at that time they were chosen by the trustees of the subdistricts and not by popular election. It is also clear that the act was not intended to apply to the subdistrict school trustees, for these elections were held at another time *viva voce* and a man might be elected without being a candidate. In Bingham v. Johnson, 193 Ky. 763, it was held that a man not a candidate for fifteen days before the election did not have to file a pre-election expense account, and that all he had to do was to file his post-election statement.

It is equally clear that the Corrupt Practice Act was intended to apply to the nomination or election of any state, county, city, town, district or municipal officer, whether the office was then in existence of was afterwards created by the legislature. The purpose of the act was to secure pure elections, and it applies no less to elections thereafter provided for than to those already in existence. The wide scope of the act is illustrated by the 5th section, making it applicable to all questions submitted to the vote of the people, such as bond issues and the like. Unques-

tionably the members of the county board of education are county or district officers. If the county school superintendent is elected by popular vote every reason that would make the Corrupt Practice Act applicable to other county offices would apply to this office. For although it is a part of the common school system, the legislature, though not required by section 151 to make the Corrupt Practice Act apply to him, had full power under section 155 of the Constitution to do so, and when in this situation it passed an act applicable to all county officers he would be included because he is a county officer. It is hard to distinguish the members of the county board of education from the county superintendent. They elect the county superintendent, and the interest centered in the election of the county superintendent often controls the election of the county board, for it is known in advance often who will be the county superintendent if certain members of the county board are elected. They are important county officers; they draw a per diem just as members of the fiscal court, and not infrequently control matters involving more money than the fiscal court of a county expends in a year. The reason of the law is the life of the law. The statute must be construed reasonably to carry out the intention of the legislature. So construed the Corrupt Practice Act must be held to include members of the county board of education since the act creating the board contains nothing exempting its members from the Corrupt Practice Act, which by its terms includes all county and district officers which are elected by the people at the regular elections.

Appellee not having filed a pre-election expense account as required by the statute can not be declared elected under section 11 of the act. Appellant insists that he should be declared elected. But so much of the Corrupt Practice Act as so provides was held unconstitutional in McKinney v. Barker, 180 Ky. 526, and therefore a judgment should be entered that neither appellant nor appellee was elected, and adjudging the election void.

Judgment reversed and cause remanded for a judgment as above indicated.