## Young v. Jefferson County Election Commission et al.

January 24, 1947.

As Modified on Rehearing Feb. 21, 1947.

Lawrence F. Speckman, Judge.

Charles W. Anderson, Benjamin F. Shobe and Harris W. Coleman for appellant.

Samuel Steinfeld for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Hortense Young was a candidate for one of the

three offices of member of the Board of Education of Louisville at the 1946 election. Her name had been placed on the labels of the voting machines, which are used exclusively in Louisville. KRS 125.060. By the canvass and returns of precinct election officers (KRS 125.150) it was shown that four other candidates had severally received more votes than Mrs. Young. Within the 96 hours stipulated in KRS 125.190, Mrs. Young, in writing, requested the County Election Commission to check and recanvass the voting machines in all precincts. The Commission refused on the ground that the candidate had not secured the cost by a bond. Thereupon this action was filed against the members of the County Commission to require them to do so. They defended upon two grounds. One is the original reason, that no bond had been executed. The other is that the plaintiff had not filed a statement of contributions, expenditures, etc., before the day of election, as required by KRS 123.-070, and by reason of that failure the plaintiff had ceased to be a candidate and was not entitled to have the check and recanvass which she requested. The plaintiff, by reply, admitted that she had not filed the pre-election statement prior to the election day, but alleged that she had filed it and a post-election statement on November 12th, seven days after the election. Upon demurrers to the two defenses and to the reply, the court adjudged the plaintiff not entitled to the relief sought.

Unlike the statute relating to the recount of ballots, KRS 122.100, the statute relating to checking and recanvassing returns of voting machines by the County Election Commissions does not say that the candidate who requests it shall execute a bond for the cost. KRS 125.-190. The voting machine statute provides that the general law applying to all elections shall apply to those conducted with the use of machines, "Except as modified by this chapter." KRS 125.200. The question is whether the omission as to the payment or securing of the cost is a modification of KRS 122.100 requiring the posting of a bond for the recount of ballots, or whether the omission was intended to bring into this chapter the provision of the statutes that the cost of all elections shall be paid by the county, except as otherwise provided by law. KRS 118.450. It seems to us that where machines are used, when this stage is reached in the process

and we consider the purpose of the recanvass, together with the factor of labor involved (both in character and amount), we must construe the statute as not requiring the execution of a bond or payment of the cost by the candidate. Where ballots have been used, the precinct officers have nothing to do with their counting. The original count and canvass are made by the County Election Commission. KRS 118.370, 118.380. A request for a recount of ballots is made to the circuit court as a challenge of the board's count and canvass. KRS 122.-100. But where machines are used, the precinct officers make the canvass and certification respectively. The County Commission at first only compiles those returns. The precinct returns and the commission's tabulation are official, "Unless within ninety-six hours after the close of the polls a candidate shall in writing request the county election commission to check and recanvass the voting machines of any precinct or any number of precincts." KRS 125.190. When such a request has been made, it becomes the duty of the county commission to do so immediately, and "Make a proper return thereof to the county clerk, in which event the canvass and return shall become the official returns for the election." At this point the same stage in the operation of the election processes is reached as it is when the original canvass of ballots is made by the county commission. This constitutes the official returns and they are final unless adjudged otherwise by a court of competent jurisdiction. Land v. Land, 244 Ky. 126, 50 S. W. 2d 518. All that has gone before is within the statutory expenses of conducting the election. Therefore the County Board of Election Commissioners should have complied with the appellant's request.

Neither can we sustain the second defense, that the failure of the candidate to file pre-election statement in time forfeited her right to be voted for. That requirement of the statute is a part of the Corrupt Practices Act, which may be invoked only in a contest of the election by some other candidate. KRS 122.010. The duties of the County Board are clearly defined as ministerial. The Commission is without authority either to charge or adjudge a candidate guilty of violating the act. They may no more do so where there was a failure to file a statement of receipts and disbursements than they may,

for example, where a candidate is said to have bribed the voters or received the benefit of illegal votes. All are grounds for contest of election. The election commission has no authority to inquire into a candidate's eligibility for office, Atchison, County Judge, v. Lucas, 83 Ky. 451, or whether his name was legally or illegally before the voters. Cheatham v. Williams, 212 Ky. 73, 278 S. W. 139. True it is, that the commission is charged with the duty of withholding the delivery of a certificate of election until the successful candidate has complied with the law regarding the filing of these statements. KRS 123.090; Roberts v. Stumbo, 227 Ky. 334, 12 S. W. 2d 1110. But that point was never reached in this case. The question might have arisen had the check and recanvass been granted and the result shown the applicant had received sufficient votes to entitle her to a certificate of election.

The proper construction of the statute would seem to be that unless the statements have been filed in accordance with the statute, the Commission must withhold the certificate of election until time for filing a contest of the election shall have expired. When that time has elapsed and no contest has been filed, it then becomes the duty of the Commission to deliver the certificate to the successful candidate. It was not proper for the circuit court to adjudge in this action, even on the admission of the plaintiff that her pre-election statement was not filed in time, that she had forfeited her right to be regarded as a candidate even though her name or candidacy was properly before the electors. A violation of the Corrupt Practices Act requires a judgment denying a candidate the fruits of victory; but that arises in a contest of the election, and it cannot be claimed that the county board of election commissioners may contest the election of any candidate for public office. Hart v. Rose, 255 Ky. 576, 75 S. W. 2d 43; Brandenburg v. Hurst, 290 Ky. 592, 162 S. W. 2d 223. In Judd v. Polk, 267 Ky. 408, 102 S. W. 2d 325, we held that a county clerk who was sued for damages for having failed to put a candidate's name on the ballot could not justify his failure upon the ground that the candidate had not filed election statements of receipts and disbursements.

The appellees undertake to justify the judgment upon the ground that since the appellant admits a failure

to file the pre-election statement in time, it would be a vain thing to require a check and recanvass of the returns, for she would not be entitled to the office in any event. That argument presupposes that one authorized to maintain a contest would have done so. They rely upon a part of the decision in Atchison, County Judge, v. Lucas, supra, which held a writ of mandamus requiring a County Judge to permit one to qualify who was ineligible under the Constitution should be refused. That is not authority in the case at bar for a denial of a mandamus against the County Board of Election Commissioners to perform their ministerial duty concerning the check and recanvass of the returns of the voting machines. There were two points decided in the Lucas case. One was that the County Judge could not refuse to act before it had been determined that the candidate was ineligible. The other was that it was proper for the court to refuse to require him to act after it had been found by duly authorized contest board that the candidate was ineligible to hold the office. There had never been an adjudication in this case of the violation of the Corrupt Practices Act that would deprive the plaintiff of the fruits of victory should it be determined that she had won.

We think there was too much presupposition in this case and that the plaintiff was entitled to the relief prayed.

We do not overlook the argument of the appellees that this was a suit in equity for a mandatory injunction and it was proper to refuse that relief because the plaintiff had an adequate remedy at law, namely, a common-law writ of mandamus, and that she did not show irreparable injury by the denial of the injunction, which was asked. However, the petition is styled as a common-law action for a mandamus, and on the defendant's motion the court struck from the petition all allegations with respect to inadequacy of a remedy at law and irreparable injury. The case was tried in chancery. It is manifest that all the parties regarded it as an action for mandamus against public officers to require them to perform a duty imposed by law; but whether so or not, we have held either kind of action may be maintained. Potter v. Campbell, 155 Ky. 784, 160 S. W. 763.

The judgment is reversed.