Clarence ROBERTS, Appellant,

v.

Jesse BYRD, Appellee.

Virgil BAKER, Appellant,

v.

Donald ISAACS, Appellee.

Rudolph TURNER, Appellant,

v.

Carl SEBASTIAN, Appellee.

Court of Appeals of Kentucky.

March 10, 1961.

Shumate & Shumate, H. M. Shumate, Irvine, for appellants.

Lester H. Burns, Jr., Manchester, A. G. Oliver, Lexington, for appellees.

STEWART, Judge.

These consolidated cases concern the election contests of three Owsley County school board memberships. The election was held on November 8, 1960. The lower court decided in favor of two of the successful candidates and against the third. The losers in circuit court have appealed.

Clarence Roberts, the defeated candidate, contested the election of Jesse Byrd, the winner, in Division 4 of Owsley County,

and Virgil Baker, the defeated candidate, contested the election of Donald Isaacs, the winner, in Division 5 of that county. Both contests were based upon the ground that the county clerk neglected to rotate the names each fifty ballots as provided by KRS 160.230. Byrd and Isaacs admitted that no rotation had taken place but claimed that such omission did not void the election. Byrd and Isaacs alleged in their answers that Roberts and Baker violated the Corrupt Practices Act, KRS 123.070(2), by failing to file their post-election statements of contributions and expenditures with the chairman of the canvassing board of Owsley County. The contests were filed on December 8, 1960, and the answers were filed on December 28, 1960.

The proof disclosed that the names of the successful candidates had not been rotated on the ballots; that Roberts and Baker filed their post-election statements on December 5, 1960, with the county clerk, believing the latter to be the proper officer to receive them; and that on January 10, 1961, they filed them with the chairman of the canvassing board (the sheriff).

The trial court dismissed the two petitions for contest for the reason that the failure of the county clerk to have the names in each instance rotated on the ballots, in conformity with KRS 160.230, was not such error as would invalidate the election. The trial court found Byrd and Isaacs had been duly elected, and further adjudged that Roberts and Byrd were not entitled to maintain the election contests because they had failed to file their post-election statements with the proper officer in the manner required by KRS 123.070(2).

In the third action Carl Sebastian, the defeated candidate, contested the election of Rudolph Turner, the winner, in Division 2 of Owsley County, on the ground that Turner failed to file his post-election statement with the proper officer (the sheriff) as provided by KRS 123.070(2). The proof as to the filing of the expense account was the same as in the first two actions mentioned.

The trial court held Turner was not entitled to hold the office he was elected to because of his failure to comply with this statute; that, as Turner received a majority of the legal votes cast, Sebastian could not be declared elected in his stead; and that the entire election between Sebastian and Turner was null and void and as a consequence there was a vacancy in this office.

These questions are presented for determination: (1) Are the provisions of KRS 160.230 mandatory in requiring the rotation of the names every fifty ballots, with the result that the failure to do so voids the election? (2) Do the acts of the appellants herein, in filing their post-election statements with the county clerk and later with the chairman of the canvassing board (the sheriff), represent substantial compliance with KRS 123.070(2), so that Turner's election would not be nullified and so that Roberts and Baker could maintain their petitions for contest?

KRS 160.230 reads in part: " * * * The name of all candidates for membership on the board of education shall be printed on the first fifty ballots in a single column in the order the petitions are filed. On each of the succeeding fifty ballots the names shall be printed in the same order, except that the last name on the preceding fifty ballots shall be shifted to the first place, and so on thereafter throughout, a like change being made in the printed order of names for every fifty ballots. * * * "

It is earnestly contended the language we have quoted is a mandatory provision and that the disregard of its terms by the county clerk had the effect of rendering void the election of Byrd and Isaacs. In these contests there was no charge of fraud or of a wilful scheme to circumvent. The trial court found the provisions of KRS 160.230 did not invalidate properly cast ballots where there had been a failure to rotate the

names every fifty ballots; that to hold otherwise would disfranchise each voter, not because of anything that particular voter did, but on account of the county clerk's nonobservance of a statutory requirement; and that the statute itself does not specify that ballots shall not be counted if the names are not rotated.

In Raymer v. Willis, 240 Ky. 634, 42 S.W. 2d 918, 919, at page 921, this Court stated: " * * * it is a general rule of election law that, if the statutes do not expressly declare that noncompliance with a specified procedure shall result in throwing out the precinct or other district, a noncompliance that does not affect the fairness and equality of the election or the ascertainment of the true result will not vitiate the election. * * * the right of suffrage will not be destroyed by irregularities or derelictions on the part of officers charged with the duty of conducting elections fairly and honestly, unless their misbehavior was such as to render impossible of judicial determination the will of the people as expressed at the polls." This rule is generally followed in practically every state. See annotation in 165 A.L.R., p. 1264.

The rotation question has not been specifically passed upon in Kentucky. In the Ohio case of Bees v. Gilronan et al., Ohio Com.Pl., 116 N.E.2d 317, 321, in the face of a statute requiring the rotation of candidates' names, it was held that the failure to so rotate the names would not void the election. The opinion in that case said on the point under discussion:

> "There is no evidence of fraud in this case; no evidence of any purposeful design on the part of anyone to manipulate the alteration of ballot forms; just plain oversight or failure in providing direction in the sequential printing of the forms. An irregularity in the performance of their duties by election officials, if a matter of substance, if it fails to give to all electors alike an opportunity to express themselves freely in their choice, would

vitiate an election. Where the honesty of the ballots cast is not in question, where all the voters have an opportunity to give a free and fair expression of their will, and where the actual result thereof is clearly ascertained, a procedural neglect by election officials will not justify the rejection of such votes."

■ We do not believe it was the intention of the Legislature to declare void ballots cast by qualified electors in a school board race merely because the county clerk in having the ballots printed negligently or inadvertently failed to rotate the names every fifty ballots.

■ Did the neglect of Roberts, Baker and Turner to file within thirty days a statement under oath with the proper official of their contributions received and expenditures made as candidates for members of the board of education invalidate their election? KRS 123.070(2), which is part of the Corrupt Practices Act, applies to races involving members of school boards. See Hart v. Rose, 255 Ky. 576, 75 S.W.2d 43.

The trial judge reasoned that, since a contest must be filed within thirty days and since the failure to file the statement is a ground for contest which may be invoked only by some other candidate for the same office (see Young v. Jefferson County Election Commission, 304 Ky. 81, 200 S.W.2d 111), thirty days should be the outside limit in which to file the statement. If a delay is permitted beyond the allowable time, the trial judge pointed out, such a ground would not be available at the time the contest proceeding must of necessity be filed.

However, it should be noted in this connection that any candidate seeking nomination for an office at a primary election has only 15 days from the day the primary was held in which to contest the right of the successful candidate for the office in question (see KRS 122.020), whereas every such candidate is given 30 days from the date of the primary within which to file a statement

of his contributions and expenditures involved in his race for nominating to an office (see KRS 123.060(2) ). It thus appears the Legislature did not intend, or overlooked to provide, that the filing date of the post-primary statement should precede or at least coincide with the filing date of the contest of a nomination for an office. Scarcely, if ever, could a failure to file a post-primary statement be used as a ground to contest a nomination to an office. Nor has this Court ever taken a positive position that a post-election statement should be filed at all events with the chairman of the canvassing board within the 30-day period. The peculiar circumstances of each case must govern.

KRS 123.070(2) has been interpreted to be mandatory as to the filing of the statement but directory as to the time of its filing. Ridings v. Jones, 213 Ky. 810, 281 S.W. 999. However, the candidate must "reasonably and substantially comply with the provisions of the act as to the time of filing his pre-election and post-election statements, for this he must do, and his failure so to do will be a ground for contest; and in a contest where a failure to reasonably and substantially conform to this, or any, requirement of the act is made a ground of contest, the question will be determined upon the circumstances of each particular case, for it is manifest that what would be a reasonable and substantial compliance with the provision in one case might not be so in another." The foregoing quotation is taken from Sparkman v. Saylor, 180 Ky. 263, 202 S.W. 649, 652.

The question posed is: Did Roberts, Baker and Turner file their post-election statements so as to reasonably and substantially comply with the applicable statutory provision? We believe they did.

They filed their statements within thirty days, but with the wrong officer. Thereafter, on January 10, 1961, after their error had been set up as a ground of contest against them, they filed their statements with the proper officer. As the trial judge indicated in his findings of fact, they were led into a mistake in this respect because they had previously filed their pre-election statement, as KRS 123.070(1) requires, with the county clerk.

 We conclude after a consideration of all the circumstances that each of the appellants in filing his statement with the county clerk acted in good faith and with honest intentions. When their mistake was discovered they promptly corrected it. No harm was perpetrated upon the public by their dereliction. In short, we believe each of the appellants substantially and reasonably complied with KRS 123.070(2).

Nevertheless, the conclusion we have reached does not help Roberts and Baker, since we are upholding the election of Byrd and Isaacs. It does help Turner, because we are holding he did not contravene the Corrupt Practices Act.

Wherefore, the judgment is reversed insofar as it nullified the election of appellant, Turner, and affirmed to the extent that it upheld the election of appellants, Byrd and Isaacs.