HENRY A. CRAVENER et al.

v.

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO.

| 133 | 145 |
|-----|-----|
| f214 | 1 33 |
| 133 | 145 |
| 115a | 1491 |

*Filed at Ottawa May 14, 1890.*

1. SCHOOLS—*annexation of cities, etc.—control of schools within the annexed territory.*  By virtue of the annexation of the town of Lake to the city of Chicago, the Board of Education of the city of Chicago became vested with exclusive jurisdiction over the public schools within the town of Lake.

2. SAME—*school property, etc.—subject to legislative control—in changing the trusteeship.*  School corporations, as the trustees of school property, are wholly within the control of the General Assembly, and may be changed at its pleasure.  If there is a trust in the school lands, funds, etc., it can be enforced in the hands of one custodian or corporation as well as if no change had been made.

3. There is nothing in the grant of the sixteenth section of land by the United States to this State for the use of schools, nor in section 2, article 8, of the State constitution, to prevent the legislature from taking the control of schools and school property from the educational board of one township and vesting it in a different board, or a board of another township.

APPEAL from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. EDWARD MAHER, for the appellants:

The Annexation act pretends to give title to school property only.   Management and control of the school systems are not disturbed, save by implication and the assistance of another law.

The Board of Education of the city of Chicago and the city of Chicago are two distinct and dissimilar corporations, and have independent governmental functions.   One does special acts peculiar to the locality, and the other carries out the general educational policy of the State.   A school purpose is not a municipal purpose.   *Speight* v. *People*, 87 Ill. 600; Const. art. 8, sec. 1; School act, art. 6, sec. 28.

10—133 ILL.

Relief against the unlawful aggression of appellees may be granted in equity. 1 Dillon on Corp. sec. 68; *Gas Works v. Philadelphia,* 11 Pa. St. 183; *Hyde Park v. Chicago,* 124 Ill. 161.

That part of the Annexation act referring to schools violates the constitution. *Dolese v. Pierce,* 124 Ill. 141; *Lockport v. Gaylord,* 61 id. 279; *People v. Protestant Deaconesses,* 71 id. 229; *Welch v. Post,* 99 id. 471; *Railway Co. v. Lake View,* 105 id. 207; *People v. Mellen,* 32 id. 181; Cooley's Const. Lim. *159, *et seq.*

In this conclusion we have not overlooked that important class of cases which hold that subjects germane to the main purpose of the act may, without violation of the constitution, be included therein. *Potwin v. Johnson,* 108 Ill. 70; *People v. Hazelwood,* 116 id. 319; *O'Leary v. Cook County,* 28 id. 534.

Mr. JOSEPH B. LEAKE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a bill in equity, by Henry A. Cravener, a voter, tax-payer and owner of property in school district No. 6, town 38 north, range 13, east of the third principal meridian, Michael Kennedy, a voter, tax-payer and owner of property in school district No. 5, of the same township, and George Rumbold, who is a voter, tax-payer and owner of property in school district No. 7, in the same township, all in the town of Lake, in Cook county, against the board of education of the city of Chicago, and George Howland, superintendent of schools thereof, praying that they be enjoined from assuming jurisdiction over said school districts 5, 6 and 7, and from attempting to seize the school property, funds, books and papers belonging to said districts and township. The defendants demurred to the bill, and the court sustained the demurrer, and decreed that the bill be dismissed. Complainants appeal to this court on the ground that the validity of the statute is involved.

The principal question is, whether, by virtue of the annexation of the town of Lake to the city of Chicago, the board of education of the city of Chicago became vested with exclusive jurisdiction over the public schools within the town of Lake. The same question was presented in *McGurn* v. *Board of Education, ante,* p. 122, and we there held the affirmative of that question. We deem it unnecessary to add to what is there said, but upon further consideration of the question we reaffirm all that is said in the opinion in that case.

The only allegation in the present case different from the allegations in the *McGurn case,* is this: "That pursuant to certain acts of Congress, and an ordinance of the Illinois Constitutional Convention, the people of Illinois became vested with the title of each section 16 in each congressional township, for school purposes, and that under a certain act of the legislature the title to section 16, township 38, range 13, was vested in the school trustees of said township, with power to devote the said section to certain school purposes for the uses of the inhabitants of said township 38, range 13, and for no other purpose whatever; that said section 16 is intact, and is worth, at a fair cash valuation, a half million dollars; that it lies wholly without the town of Lake, (alleged to be annexed,) and wholly within the adjacent town of Lyons (not annexed); that the income therefrom is devoted to the sole uses of the schools of said township 38, range 13; that there is in the hands of the treasurer (Tearney), $1000, residue of annual income from said section 16, and that if the school districts are abolished by the pretended annexation proceedings, the inhabitants of said school districts will be deprived of their interest in said section 16, and the income thereof, contrary to law."

The guaranty of the constitution is only that "all lands, moneys, or other property, donated, granted or received for school, college, seminary or university purposes, and the proceeds thereof, shall be faithfully applied to the objects for which such gifts or grants were made." (Sec. 2, art. 8.) The

grant of the sixteenth section by the United States to the State is for the use of the inhabitants of the townships for the use of schools. (Rev. Stat. 1874, p. 29.) It would be difficult to point out anything in either of these provisions preventing the control of schools in one township being taken from a board in that township and vested in a board in another township.

If there is a trust in this sixteenth section, or in the income from it, in favor of these complainants, that trust can be enforced as well against the Board of Education of Chicago as against the trustees of schools of township 38 north, range 13 east. The mere change of trustees can not affect the right to the trust. But the bill does not seek to enforce a trust in this respect, and hence no question of that kind is before us. Whatever may be the trust in favor of citizens of the township, (as to which we express no opinion,) it would seem to be too long and too firmly settled to be now questioned, that the school corporation, as the trustee of school property, is wholly within the control of the General Assembly, and may be changed at its pleasure. *Bradley* v. *Case*, 3 Scam. 585; *Bush* v. *Shipman*, 4 id. 186; *Trustees, etc.* v. *Tatman*, 13 Ill. 27; *City of Chicago* v. *The People*, 80 id. 384.

The decree is affirmed.                      *Decree affirmed.*