# North Vernon Lumber Company v. City of Louisville, et al.

## Gibbs-Inman Company v. Same.

(Decided March 10, 1915.)

### Appeals from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Schools and School Districts—State Institution—Tax For is a State Tax.—A common school in the State, whether located in a populous city or in a sparsely settled rural district, is a State institution and taxes levied for the benefit of such common school is a State, and not a municipal, county or district tax, although it may be levied and collected by municipal, county, or district agency.

2. Taxation—Exemption From Municipal Taxation Does Not Exempt From School Tax.—Although a municipality is authorized by constitutional and statutory provisions to enact an ordinance by which manufacturing establishments of a certain class may be exempted from municipal taxation for five years, it cannot by such ordinance exempt such manufacturing establishment from the payment of school taxes levied by the municipal authorities for the benefit of the common schools situated therein.

3. Taxation—Taxation For Common School Purposes—Assessment For May Be Retrospectively Made—Statute of Limitations—When Not A Bar.—Where the property of a manufacturing establishment has illegally been allowed to escape taxation under an ordinance of a municipality, such property may be retrospectively assessed to the extent that the assessment would not be barred by the statute of limitations; and where the assessor, upon demand made by the board of education of the municipality and when the assessment was not barred by the statute of limitations, refused to retrospectively assess the property of such manufacturing establishment for five years, the time during which such officer refused to act, or was necessarily delayed by litigation from acting, in making such assessment, is not to be estimated in the application of the statute of limitations.

JUNIUS C. KLEIN and WM. F. CLARKE, JR., for appellants.

ARTHUR M. RUTLEDGE for Board of Education of Louisville, Kentucky.

PENDLETON BECKLEY for appellee, City of Louisville.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

These are appeals from a judgment of the Jefferson Circuit Court, Chancery Branch, Second Division, sus-

taining demurrers to the respective petitions and dismissing them. The action of the appellant, North Vernon Lumber Company, was brought to recover a school tax for the year 1908, retrospectively assessed, and which it paid. That of the appellant, Gibbs-Inman Company, was brought to enjoin the city of Louisville from collecting of it a school tax retrospectively assessed for the year 1908, which it has not paid. The two cases were by agreed order heard together in the court below, and by further agreement the two appeals are to be considered and determined together in this court.

Each of the appellants is a corporation claiming to be engaged in a manufacturing business. Acting under authority believed to have been conferred upon it by Section 170, Constitution, and Section 2980-A, Kentucky Statutes, the general council of the city of Louisville, in July, 1908, adopted an ordinance exempting manufacturing establishments from municipal taxation for a period not exceeding five years, as an inducement to their location in the city of Louisville. Acting upon the theory that this exemption applied to all taxes levied by the city, numerous manufacturing establishments, including the appellants, which had applied for the exemption thus allowed, for years escaped all taxes levied by the general council, municipal as well as school taxes; but in 1913 the board of education of the city of Louisville, contending that its general council had no right under the Constitution, statute or ordinance referred to to exempt these manufacturing concerns from school taxes, even though it might have had the right to grant such exemption from municipal taxes, demanded of the city assessor that he assess for the years 1908, 1909, 1910, 1911, and 1912, retrospectively, for school purposes, the property of these manufacturing corporations, including the appellants.

The assessor, however, declined to make the assessment, and in April, 1913, the board of education, by an action filed in the Jefferson Circuit Court, Chancery Branch, First Division, against the assessor of the city and two of the manufacturing establishments located therein, asked for a mandamus to compel that officer to assess for the use and benefit of the board of education the property owned by these manufacturing establishments subject to taxation for school purposes within the city of Louisville. The assessor, as well as the two

manufacturing concerns sued, resisted this action upon the ground that, under the provisions of the Constitution, statute, and ordinance referred to, the establishments it was sought to compel the former to assess were exempt from taxation for school purposes; but the circuit court, being of opinion that their property was subject to taxation for school purposes, awarded the writ of mandamus prayed, and on the appeal prosecuted from that judgment by the assessor and the two manufacturing concerns, this court affirmed the judgment (City of Louisville, et al. v. Board of Education of Louisville, et al., 154 Ky., 316), it being held in the opinion that every common school in the State, whether it be located in a populous city or in a sparsely settled rural district, is a State institution, and taxes levied for the benefit of schools are State taxes and not municipal, county, or district taxes, although they may be levied and collected by municipal, county, or district agencies; and that the ordinance of the city of Louisville, though enacted pursuant to Constitutional and statutory provisions authorizing municipalities to exempt from municipal taxation for five years manufacturing establishments, did not exempt the latter from the payment of school taxes for the benefit of the common schools situated therein.

Following the decision of the Court of Appeals and the return of its mandate to the circuit court, the city assessor, on August 1, 1913, made the assessment required. Several of the manufacturing establishments involved, including the appellant, North Vernon Lumber Company, paid the taxes so assessed, and the latter company is now seeking to recover the tax paid by it for the year 1908. The appellant, Gibbs-Inman Company, refused, however, to pay the tax so assessed against its property for the year 1908, and it is now seeking to restrain by injunction the collection of the tax for that year.

The single ground on which appellants seek the relief asked is that the assessor was without authority in August, 1913, to make an assessment of their property for the year 1908, because the right to assess same for taxation and collect taxes thereon for that year was then barred by the five-year statute of limitations. So the sole question necessary to be decided by this court is one of limitation. In other words, the contention of the appel-

lants is, that more than five years having elapsed from the time when the taxes for the year 1908 might have been assessed, limitation had run against such assessment at the time it was retrospectively made by the city assessor, for which reason it is insisted by them that the assessment was void and that the manufacturing concerns, including the appellant, North Vernon Lumber Company, which paid the taxes for that year upon the retrospective assessment, should recover the amounts so paid; and that those which, like the appellant, Gibbs-Inman Company, have not paid the taxes upon such assessment, should not be compelled to do so.

The city of Louisville is authorized by Section 2980, Kentucky Statutes, to assess for school taxes the property of such manufacturing concerns as that of appellants, and Section 2906 of the statute requires that the assessment shall be made by the city assessor. The school taxes are for State purposes, viz., public education, and are raised by a levy upon property within the municipality, in addition to school taxes raised by the assessment of the same property by the Commonwealth. In other words, the State has delegated to the municipality the power to impose and collect taxes through its municipal officers and according to its own methods and system. The city is, therefore, authorized to assess and collect the school tax, though it be, in a sense, a State tax, at the same time and in the same manner that it assesses and collects taxes for municipal purposes; and as by Section 2996, Kentucky Statutes, municipal tax bills, though required to be made out and listed for collection by the third day of January of each year, and are then payable, do not, under the statute, in fact, become due until the first day of May succeeding, limitation does not begin to run until the first day of May, when the taxes are due. So, while the right to retrospectively assess property omitted from assessment is given by statute to the city, such right must be exercised within five years; and we concur in the conclusion of the circuit court that the word "thereafter" as used in the statute relates to the year and the time of the year when the taxes, if assessed, would be due.

Section 2544, Kentucky Statutes, provides: "In all cases where the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, vacancy in office, absence

of an officer, or his refusal to act, the time covered by the injunction, restraint, vacancy, absence, or refusal to act, shall not be estimated in the application of any statute of limitations.''

It is apparent from the language of the foregoing section that the time during which the assessing officer refused to act or was necessarily delayed by litigation from acting, is not to be estimated in the application of the statute of limitations.

It is specifically alleged in the petition that ''on or about the —— day of February, 1913, the defendant, the Board of Education of the City of Louisville, made due demand on the assessor of the said city of Louisville to retrospectively assess all persons, firms and corporations which had thus been attempted to be exempted from taxation for school taxes for the years 1908, 1909, 1910, 1911, 1912. * * * And the said assessor denied and refused to make such assessment against any of the numerous parties thus exempt theretofore.''

It is manifest from these averments that in February, 1913, the assessor refused to assess retrospectively the property of the manufacturing concerns claiming the exemption under the ordinance of the city, and that such refusal to make the assessment continued down to August 1, 1913, at which time it was made, covering the years from 1908 to 1912, inclusive. It is not material whether this delay resulted wholly from the refusal of the assessor to act, or in part from such refusal and in part because of the pendency of the mandamus proceeding in the circuit court and in this court. In either event the time thus consumed is not to be estimated in the application of the statute of limitations. The assessor had up to May 1, 1913, the right to make such retrospective assessment of appellants' property for taxes for the year 1908, and the statute ceased to run when the assessor refused, in February, 1913, to comply with the demand of the board of education that the assessment be then made, hence the five years within which he had the legal right to make the assessment for the year 1908 had not expired when it was made by him, August 1, 1913.

It follows, therefore, that neither the assessment for 1908 nor right of the city of Louisville to collect the taxes assessed against the appellants' property for that year, is

barred by the statute of limitations, and this being true, the ruling of the circuit court in sustaining the demurrer to each petition and dismissing each action was not error. This conclusion renders unnecessary the decision of other questions raised in the case; wherefore, the judgment in each case is affirmed.