## County Board of Education of Jefferson County, Ky. v. Board of Education of City of Louisville, Ky.

(Decided December 17, 1918.)

## Appeal from Jefferson Circuit Court.

Schools and School Districts—School Property—Title and Control —Effect of Annexation.—Where a city of the first class annexes territory, embracing common school property lying in the county, the title and control of such property pass from the county board of education to the city board of education.

EDWARD C. WURTLE for appellant.

ARTHUR M. RUTLEDGE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The question on this appeal is whether the title to common school property, situated in a county district, but subsequently embraced in territory annexed to a city of the first class, remains in the county board of education or passes to the city board of education.

The controversy arises in the following way: Louisville is a city of the first class. On October 7, 1912, it adopted an ordinance and took the necessary steps to extend its limits so as to include the school property in question. The county board of education was permitted to continue the school until June, 1913, when the city board of education assumed control and thereafter conducted it as part of its system. On May 18, 1916, the county board of education brought this suit in ejectment against the board of education of Louisville to recover the property. The latter answered in two paragraphs. In the first paragraph it denied plaintiff's title, and in the second paragraph pleaded title in itself by virtue of the annexation ordinance and the proceedings had pursuant thereto. Plaintiff's demurrer to the second paragraph of the answer was overruled. Plaintiff having declined to plead further, the petition was dismissed. Plaintiff appeals.

It is insisted for plaintiff that the mere annexation of the territory embracing the school property did not have the effect of divesting the county board of education of title, in the absence of a statute so declaring. It

may be conceded that there is authority for this position, City of Winona v. School District, 3 L. R. A. 46, but we do not regard it as controlling, in view of our well declared legislative policy respecting the administration of our common schools. Under our system, every common school in the state, whether located in a city or in the country, is a state institution, protected, controlled and regulated by the state. City of Louisville v. Board of Education, 154 Ky. 316, 157 S. W. 379; City of Louisville v. Commonwealth, 134 Ky. 488, 121 S. W. 411. All public school property is held in trust for common school purposes, and all persons holding the title to such property are mere trustees appointed, for the time being, to control and manage the property so as to promote the efficiency of the common school system. Such trustees have no vested right to the property. They may be changed at any time, and new agencies may be appointed to take their place, or their jurisdiction may cease because the territory under their control may pass to some one else. Under our statute, where a city or town in any county maintains a separate system of public schools, the county district is composed of only the territory outside of such city or town, section 4426a, Kentucky Statutes, and the title and control of the county board of education are confined to only such school property as is located in the county district, subsection 11, section 4426a, *supra,* while the title and control of all school property in a city of the first class, such as Louisville, are vested in the board of education, subsections 1 and 2, section 2978a, Kentucky Statutes. These statutes cannot be construed as applying only to conditions existing at the time of their enactment. The powers therein conferred, as well as the limitations thereon, are permanent and continuing, and whether the county board or the city board is vested with the title and control of public school property depends solely on the location of such property. If it be located within the territorial jurisdiction of the city board, the title and control are vested in that board. If it be located within the territorial jurisdiction of the county board, that board has the title and control. That being true, it is immaterial how the change in territorial jurisdiction is brought about. All that is necessary is that the change be lawfully made. When that is done, the change of ownership and control necessarily follows. Here, the city of Louisville had

the right to annex the territory embracing the school property in question, and it is conceded that the annexation proceedings were valid. That being true, there is no escape from the conclusions that the power of the county board to hold and control the property terminated, and the title and control passed to the city board of education. This view finds support in the cases of Cravener v. Chicago Board of Education, 133 Ill. 145, 24 N. E. 532; Maumee School Tp. v. Shirley City School Town, 159 Ind. 423, 65 N. E. 285; Allen School Tp. v. Macy School Town, 109 Ind. 559, 10 N. E. 578; Trustees of Latonia Graded School District v. Board of Education of Latonia, 29 Ky. Law Rep. 391, 93 S. W. 590. The fact that the annexation of county school property might sometimes result to the disadvantage of the county school patrons furnishes no reason for a contrary decision. The question is not what the legislature should have provided, but what it has provided, and if any injustice results from the legislative policy it is for the legislature and not the courts to provide a remedy.

Judgment affirmed.