## Hoskins, et al. v. Ramsey, et al.

(Decided January 30, 1923.)

Pike Circuit Court.

Motion of plaintiffs to dissolve injunction and motion of defendants for permanent injunction.

1. Schools and School Districts—Elections.—School elections do not come within and are not controlled by the provisions of sections 145 to and including 154 of our Constitution.

2. Schools and School Districts—Member Board of Education not Officer of City.—A member of the board of education of a city of the fourth class is not an officer of the city, town or county or of

any subdivision thereof within the meaning of section 148 of our Constitution.

3. Schools and School Districts—When Member Board of Education Elected.—A member of the board of education of a municipal public school may be elected at a general election at which members of Congress are chosen.

ROSCOE VANOVER and W. W. REYNOLDS for plaintiffs.

STRATTON & STEPHENSON and MARTIN KELLEY for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Overruling motion of plaintiffs to dissolve injunction, and granting injunction on motion of defendants.

Plaintiffs, Hoskins, et al., claim to be three of the regularly qualified and constituted members of the Board of Education of Pikeville Public Schools, which district included not only the city but additional territory lying beyond the corporate limits; while the defendants, Ramsey, etc., deny plaintiffs' claim and assert defendants were elected in November, 1922, and have since qualified, and say that defendants are three of the members of said board, having taken the places of the plaintiffs, Hoskins, et al., whose terms expired December 31, 1922. By section 3587a-9 Kentucky Statutes, it is provided that "At the election occurring in the month of November, 1920, a new board of education, consisting of six members, shall be elected as herein provided, and such board shall, after having qualified by taking the oath prescribed by law, assume office on the first day of January, 1921. . . . Within one week after the organization of said board it shall meet to divide its members by lot in such manner as they shall determine into two classes, as follows: The first class, consisting of three members, shall hold office through the 31st day of December, 1922, and the second class, through the 31st day of December, 1924. At the election every two years thereafter an election shall be held to fill the term of the members of the board of education, whose term will expire on December 31st following, and the members so chosen shall hold office for four years or until their successors are elected and qualified."

The three plaintiffs, Hoskins, et al., were elected in November, 1920, and took office January 1, 1921, for a term of two years each, having drawn the short terms. By the provisions of the statutes above quoted their suc-

cessors were required to be elected in November, 1922, as the terms of office of Hoskins, et al.. expired on December 31, 1922. At that election it appears that Hoskins, et al., as well as defendants, Ramsey, etc., were all candidates, but the latter receiving the greater number of votes, were declared elected members of said board in place of the plaintiffs, Hoskins, et al.; but Hoskins, et al., declined to surrender their offices and to turn over to defendants, Ramsey, etc., the books and records belonging to the said office, although defendants, Ramsey, etc., had, under their certificate of election, duly qualified as members of the board and were attempting to get possession of the office and to exercise the duties thereof.

It is the contention of plaintiffs, Hoskins, et al., that members of the board of education of fourth class cities, or other municipalities, could not, under section 148 of our Constitution, be elected in November, 1922, because at said regular election a member of Congress was chosen, and the attempted election of the defendants, Ramsey, etc., was void and of no effect and their attempted qualification a nullity. That part of the constitutional provision upon which plaintiffs rely for the disqualification of defendants, reads: ''All elections of state, county, city, town or district officers shall be held on the first Tuesday after the first Monday in November; but no officer of any city, town or county, or of any subdivision thereof, except members of municipal legislative boards, shall be elected in the same year in which members of the House of Representatives of the United States are elected. District or state officers, including members of the General Assembly, may be elected in the same year in which members of the House of Representatives of the United States are elected.'' From this provision it is argued by plaintiffs that the attempted election of defendants at the regular election in November, 1922, being prohibited, was void, and although the term of plaintiffs, as fixed by the statute, expired December 31, 1922, they remain in and continue to hold office as *de facto* officers and were entitled, as against defendants, whose election was void as contended by plaintiffs, to continue to hold said offices. This contention does not appear to be tenable when considered in the light of sections 155 and 183 of the Constitution, the first of which reads: ''The provisions of sections 145 and 154, inclusive, shall not apply to the election of school trustees and other common school district elections. Said elections

shall be regulated by the General Assembly, except as otherwise provided in this Constitution.'' Plainly section 148 of the Constitution on which plaintiffs rely has no application to school elections. As said in the case of Cook v. Bartlett, 155 Ky. 309: ''A narrow construction of these words would confine them to elections relating to taxation for school purposes, or other elections concerning schools that did not involve the election of school officers independent of school trustees, and would further confine them to 'common school district elections,' as distinguished from common school county elections. But no sufficient reason appears for giving to these words this limited meaning. On the contrary the words 'other common school district elections' refer to all elections that have to do with matters relating exclusively to the management and conduct of the affairs of the common schools of the state, saving the office of superintendent of public instruction, which is a constitutional office. Section 155 of the Constitution was evidently intended to take all school elections out of the provision of the article on suffrage and elections and put these elections in a class by themselves, to be controlled by the will of the General Assembly of the state.''

The 183rd section of the Constitution, reading: ''The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state;'' expressly provides for the establishment of an efficient common school system by the General Assembly and thus confers upon it full power to pass such laws as may be necessary to accomplish that purpose. If, as we have held, all elections affecting schools are exclusively under legislative control and are not included in the franchise and election articles of our Constitution, then the provisions of section 3587a-9 are valid, and such choosing of members of the school board not coming within the purview of the constitutional provisions of sections 145 to and including 154, are not elections within the meaning of the Constitution, and not being elections may be held with and at the same time of a general election and on the same day on which members of Congress are chosen. In other words, the selection of members of a board of education by ballot, as provided in section 3587a-9, is not an election within the meaning of sections 145 to and including section 154 of the Constitution; or if such choosing of the members of school boards be such election, the officers so chosen are not officers of a city,

town or county, or of any subdivision thereof within the meaning of section 148 of the Constitution, and do not therefore come within the constitutional prohibition and become void because held upon the same day as the general elections at which a member of the House of Representatives of the United States is selected. So construed and interpreted the several constitutional provisions harmonize with each other and with the statutes providing for the choosing of members of boards of education on the general election day when members of Congress are chosen.

The fact that one of the defendants elected in November, 1922, resided outside of the corporate limits of the city of Pikeville, did not disqualify him in view of the fact that he resided and had his domicile within the school district. Kentucky Statutes, section 3587a-9.

It, therefore, follows that members of the board of education may, for the two reasons stated, be chosen at an election held upon the same day as that at which members of Congress are chosen. From the foregoing it necessarily results that the motion of plaintiffs to dissolve the injunction granted by the judge of the Pike circuit court must be and is overruled, and the defendants, on motion, are granted a permanent injunction against the plaintiffs and each of them, enjoining and restraining them, and each of them, from interfering with the defendants, and each of them, in the exercise of the duties of their respective offices as members of the board of education of the Pikeville graded school district aforesaid, and from holding and controlling the records and books of the said board, and from attempting to exercise any of the duties of a member of the said board of education. A majority of the court concurring.