## Whitt, et al. v. Wilson, et al.

(Decided December 18, 1925.)

### Appeal from Boyd Circuit Court.

Municipal Corporations—Act Reclassifying Cities Held Inapplicable to Members of Board of Education.—In view of Constitution, section 183, Act of General Assembly approved March 22, 1924 (Laws 1924, chapter 82), reclassifying cities of the state and providing that officers holding offices in cities changed from a class other than they were at time such officers were elected will hold their office until the term for which they were elected expired or until their successor qualified, applies only to city or municipal officers and is inapplicable to members of boards of education of

city of Ashland elected under Kentucky Statutes, section 3235a-10, public schools of which city are governed by its charter, subdivision 9, and Kentucky Statutes, sections 3462-3480.

DYSARD & MILLER for appellants.

S. S. WILLIS and FRANK C. MALIN for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

By an act of the General Assembly, approved March 22, 1924, reclassifying cities of the state, Ashland, theretofore, a city of the third class, was transferred to and made a city of the second class. The act referred to contains the following provision:

"All officers now holding office in any of the cities changed from a class other than they were at the time such officers were elected, will hold their office until the term for which they were elected has expired and until their successor has been elected and qualified."

Prior to the passage of the act, *supra*, the public schools of Ashland, as in other cities of the third class, to which it then belonged, were governed by subdivision 9 of its charter, consisting of sections 3462 to 3480, inclusive, Kentucky Statutes, section 2462, providing for a board of education of nine members, five of whom held office for four years and four for two years. It being a requirement of section 3462 that the board of education in cities of the third class should be elected in the odd years, these nine members of the board of education were elected in 1921, and as the terms of office of four members of the board were by the statute required to end with the close of the year 1923, at the November election, 1923, four persons were elected members thereof for a term of four years each, to complete its required membership of nine; the new terms to begin on the first Monday in January, 1924, at which time the four elected in November, 1923, were inducted into office and began the performance of their duties as members of the board of education of Ashland, then still a city of the third class.

The appellants, W. B. Whitt and John F. Haney, plaintiffs in the court below, and the appellees, John W. Woods and W. M. Gambill, two of the defendants in the court below, were the four persons elected members of the Ashland board of education at the November election, 1923. The legislative act by which Ashland was

made a city of the second class contained an emergency clause and went into effect March 22, 1924; and thereafter during the same year, within the time and in the manner required by section 3235a-10, Kentucky Statutes, the names of the appellees, B. S. Wilson, D. H. Wade, W. L. Gambill, Charles Russell and John W. Woods, by virtue of a petition signed by more than one hundred citizens and legal voters of the city of Ashland, were placed upon the ballots as candidates for membership on the board of education of that city, to be voted for at the November election, 1924, which was duly called and held for that purpose, and at which election each of them received a majority of the votes cast and was by the board of election commissioners awarded a certificate declaring him elected a member of the board of education of the city of Ashland.

Section 3235a-1, Kentucky Statutes, provides for the creation of a board of education in each city of the second class composed of five members, and confers upon such board certain corporate functions and powers, and subsection 10 thereof provides the qualifications of its members and the time and manner of their election.

The appellees assumed their offices on the first Monday in January, 1925, as provided by the statute, *supra,* and entered upon the discharge of their duties as the members constituting the board of education of the city of Ashland. Shortly thereafter this action was brought by the appellants, attacking the validity of the election by which the appellees claim to be and are assuming to act as members of the board of education of the city of Ashland, and, asserting their own alleged right to membership on the board and to participate in its meetings and the performance of its duties, until the four year term for which they were each elected a member thereof in November, 1923, shall have expired. By the prayer of the petition the court was asked to adjudge them entitled to continue as members of the Ashland board of education until the end of the year 1927, and that the appellees be enjoined from interfering with their exercise of such right.

The appellees filed a general demurrer and answer to the petition, and to the latter pleading the appellants filed a reply. Consideration of the pleadings will be unnecessary as they admit the facts and set forth the questions at issue between the parties as we have stated them in the opinion. On the hearing of the case on its merits

in the court below the court refused the appellants the relief sought, dissolved the temporary injunction theretofore granted them, and dismissed their petition and awarded the appellees their costs expended in the action. The appellants' complaint of the judgment manifesting these rulings resulted in their prosecution of the present appeal.

It is contended by the appellants and, we may add, their sole contention, that they are protected in their alleged right to continue as members of the Ashland board of education by the provisions of the act of 1924, quoted on page 1 of the opinion. This provision of the statute must be read in connection with other provisions contained in the charter for the government of cities of the second class. Authority to make such a classification as that made in transferring Ashland from a third to a second class city is conferred by the Constitution upon the legislature, which in its exercise may abolish an office before the term of an incumbent has expired, except in so far as the latter's right to continue in it is saved or protected by the statute.

In our opinion the provision in question is inapplicable to members of a board of education. It only applies to a city or municipal officer or officers. Gilbert v. Paducah, 115 Ky. 160. Obviously, the legislature in referring in that provision to officers of the cities, did not have in mind the members of a city board of education. For they, or rather their predecessors, known as the city school trustees, whose powers and duties were similar, have by this court been declared state officers. Thus, in City of Louisville v. Commonwealth, 134 Ky. 488, we, in part, said:

"In this state the subject of public education has always been regarded and treated as a matter of state concern. In the last Constitution, as well as the one preceding it, the most explicit care was evinced to promote public education as a duty of the state. Besides setting apart a very considerable capital sum as an inviolable asset of the school fund, the Constitution provides: 'The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state.' Constitution, section 183. . . . The city schools, including high schools, are part of the state's common school system. Their trustees are officers of the

state. Such is the effect of the decision of City of Henderson v. Lambert, 8 Bush 610; Combs v. Bonnell, 33 R. 219.''

The intention of the legislature to have the state retain absolute control of its public schools, the instrumentalities in charge of them and the taxes collected for the maintenance of such schools, as required by section 183, Constitution, is shown by the interpretation given of such intention in various cases decided by this court. Thus, in North Vernon Lumber Co. v. City of Louisville, et al., 163 Ky. 467, it was held that although a municipality is authorized by constitutional and statutory provisions to enact an ordinance by which manufacturing establishments of a certain class may be exempted from municipal taxation for five years, it cannot by such ordinance exempt such manufacturing establishments from the payment of school taxes levied by the municipal authorities for the benefit of the common schools situated therein. And further, that a common school in the state, whether located in a populous city or in a sparsely settled rural district, is a state institution, and a tax levied for the benefit of such common schools is a state, and not a municipal, county or district tax, although it may be levied and collected by municipal, county or district agency. Ross v. City of Mayfield, 186 Ky. 330. In Hoskins v. Ramsey, et al., 197 Ky. 465, it was held that a member of the board of education of a city of the fourth class is not an officer of the city, town or county, or of any subdivision thereof, but a state officer.

Manifestly, the soundness of the conclusion expressed in the authorities, *supra,* cannot be affected by the fact that the school district is entirely included within the territorial or corporate limits of a city, or partly within and partly without its corporate limits. In either case the members of the board of education therein are state and not municipal officers. It may be well to consider in this connection that the charter of second class cities contains a section, 3235a-13, Kentucky Statutes, which reads as follows:

''When members of the board of education shall have been elected, shall have qualified and shall have organized as hereinbefore provided (sec. 3235a-10), thereupon it shall become the duty of any then existing corporation or board of education, or officers of the school district of such city, to surrender their

offices and to deliver to said board of education or to its officers, agents or employes all the public school property.''

Certainly nothing can be plainer than the duty thus defined for both the abolished board and the succeeding one.

For the reasons indicated we are clearly of the opinion that the appellants were not entitled, after the election of the appellees as members of the board of education in November, 1924, to themselves continue by virtue of their election in November, 1923, or otherwise act as members of such board, and if right in this conclusion it must follow that the action of the circuit court in dismissing their petition and adjudging the appellees to be the legal members of the board of education was not error. Wherefore, the judgment is affirmed. The whole court sitting.