## Phelps v. Board of Education of the City of Pikeville, et al.

(Decided March 8, 1927.)

### Appeal from Pike Circuit Court.

1. Municipal Corporations—Existence of Street Across School Lot Held Not Established.—Existence of street across school lot, and unwarranted obstruction thereof to plaintiff's damage, held not established.
2. States—Unless Barred by Limitation, State is Not Affected by Laches of its Officers.—The state, unless barred by limitation, is not affected by the laches of its' officers.
3. Schools and School Districts—School Board, as Agency of Commonwealth, is Not Barred by Laches of its Officers.—School board, being an agency of the commonwealth, a part of state commonwealth school system, is not barred by laches of its officers.

JAMES PHELPS and ROSCOE VANOVER for appellant.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Margaret Phelps owns a house and lot in Pikeville, She brought this suit against the board of education to restrain the board from erecting buildings which she claimed extended about 15 feet into Fifth street and obstructed the street. On the hearing the circuit court dismissed her petition. She appeals.

The school board owns a lot which fronts on Fourth street. It bought this lot about 1890. At that time Pikeville was not laid off beyond Fourth street. After this the C. & O. Railway was built up the Big Sandy river; Pikeville increased in population very rapidly and land which had not been laid off into streeets and lots was subdivided and a number of other streets beyond Fourth street were established. Mrs. Phelps claims that her lot fronts on Fifth Street and that Fifth street runs straight through from Scott avenue to Railroad street, but the deed to her calls to begin on an alley 15 feet wide and to run with the alley. Since 1890 the school board has had possession of its lot; the alley ran up to the line of the school board but did not cross the school lot, which extended some distance beyond the alley. Previous to 1912 the school board had its lot inclosed with a fence. In

that year the school board enlarged its buildings and the fence was torn down, and for the convenience of the school board a driveway was made to haul coal for the schoolhouse. Since then this driveway has remained open and people passing along the alley have used the way out to the street through the school lot. But this use of the school property has only existed since 1912, and so there had been no fifteen years' adverse possession when this suit was brought, if in fact adverse possession for any time; for in the line of the extension of the alley is a tree six inches in diameter, which has stood there all the time. The school board had title of record to the lot when Mrs. Phelps bought her property. There has been no dedication by the school board or anyone of a public way across the school lot. The proposed buildings are on the school lot; they stand on the back part of the lot and extend out over the ground claimed by Mrs. Phelps as an extension of the alley. To adjudge Mrs. Phelps the relief sought would be to cut the school lot in two and to take the property of the school board for an alley without the consent of the owner in any way.

The school board is an agency of the commonwealth, part of the state common school system. City of Louisville v. Com., 134 Ky. 488; County Board v. Louisville Board of Education, 182 Ky. 545, and cases cited. The state, unless barred by limitation, is not affected by the laches of its officers. Hager v. Sidebottom, 130 Ky. 687.

Judgment affirmed.