## Commonwealth, by Board, Revenue Agent v. Louisville National Bank.

(Decided May 20, 1927.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Counties.—Revenue agent for state has no authority, under Ky. Stats., section 4263-4, to maintain action for county taxes in name of commonwealth, since "county school or district school taxes" in such statute means school taxes due by taxpayers residing within county or district, to be expended therein, and not "county, school, or district school taxes," in view of sections 4099, 4376b, 4383a-2, 4398a-5, 4399a-3-4399a-5, 4399a-10, 4399a-11, 4420a-1, 4526c-1, 4526c-2.

2. Statutes.—Courts may insert punctuation marks in statute or even substitute or transpose words to arrive at evident intention of Legislature, but such procedure is never resorted to unless statute as framed fails to express manifest purpose of its enactment or would lead to inconvenience, absurity, hardship, or injustice presumably not intended.

3. Taxation.—School taxes can be classified only as state taxes, and not as local taxes levied and collected exclusively for particular territory, district, or subdivision in which they may be expended.

4. Schools and School Districts.—Provision of Ky. Stats., section 4263-4, for collection of school taxes by state revenue agent, is not invasion of Constitution, sections 181, 181a, relative to Legislature's authority to collect taxes for purpose of "any county, city, town or other municipal corporation," since school taxes are state taxes.

HARRY D. KRAMER, D. O. MYATT and MORRIS & JONES for appellant.

T. K. HELM, JAMES W. STITES and TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Jefferson circuit court in the name of the Commonwealth by Milton Board, revenue agent for the state at large, against appellee and defendant below, the Louisville National Bank, to collect a balance of taxes alleged to be due from it to the county of Jefferson for the years 1922, 1923, and 1924, amounting in the aggregate to $4,574.87, for which judgment against defendant was asked with interest from the due dates of the alleged unpaid taxes with 20 per cent penalty thereon for the benefit of the revenue agent. It appears in the

petition, and is admitted by counsel for plaintiff, that no part of the taxes sought to be recovered belongs to the Commonwealth, nor was it due for school purposes, but due, if at all, to the county of Jefferson for purely county purposes.

Defendant filed a special demurrer to the petition, thereby challenging the right and authority of the revenue agent to maintain the action in the name of the Commonwealth or otherwise, and that demurrer was sustained with exceptions. Plaintiff declined to plead further, and the action was dismissed, and to review that judgment plaintiff prosecutes this appeal.

It is conceded by counsel for plaintiff that the only source from whence the authority of his client to maintain the action, if at all, emanates from and is contained in section 4263-4 of the 1922 edition of Carroll's Kentucky Statutes, which is the section as amended by chapter 55, p. 176, Acts of 1918. That section in so far as relevant says:

> "It shall be the duty of the revenue agent, state or county, and he shall have authority when directed by the (state tax commission), to institute suits, motions or proceedings in the name of the commonwealth against any delinquent officer or other person to recover any money which may be due the commonwealth, or license taxes due the commonwealth, or any inheritance tax due this commonwealth, or any *county* school or district school taxes due any county or school district in this commonwealth; (provided, that the [state tax commission] may appoint or designate a special revenue agent for the purpose of recovering *county* school or district school taxes due as provided herein), and in all such . . . proceedings in which a judgment is recovered, the party in default shall, in addition to the amount for which he is liable to the state, county or district, be adjudged to pay a penalty of twenty per centum (20%) on the amount due; and the revenue agent who prosecutes such action and recovers the amount due the commonwealth, county or district, shall be entitled to receive for his services seventy-five per cent (75%) of said twenty per centum (20%) penalty and the remaining twenty-five per cent (25%) of said twenty per centum

(20%) penalty shall be paid into the back tax reserve fund.''

It is conceded by plaintiff's counsel that the statute as printed (which is the same as the enrolled bill) and as punctuated in both the printed and enrolled bill does not confer the authority upon the revenue agent to maintain the action to collect purely county taxes, and therefore the whole case is pitched and rested upon the argument that immediately following the word ''county,'' where we have italicized it in the above excerpt, there should be placed a comma, which, if done, would then authorize the revenue agent by this character of proceeding to recover, not only the various sorts of taxes due the commonwealth as such, but also taxes due the *county* as such, and likewise school taxes due the county as well as school districts.    They seek, at least in part, to sustain that argument by calling attention to that portion of the inserted statute saying, ''and in all such suits, motions or proceedings in which a judgment is recovered, the party in default shall, in addition to the amount for which he is liable to the state, county or district, be adjudged to pay a penalty,'' etc.; the argument being that it is therein provided for a penalty upon the amount due the taxing authorities which it is insisted under the last-quoted language are the state, the *county,* and the district.

By urging the insertion of the comma, contended for, counsel invoke a rule of interpretation that is as old as the law itself, and has been applied many times by this court, one illustration of which is found in the case of Nichols v. Logan, 184 Ky. 711, 213 S. W. 181.    The rule not only authorizes courts to insert punctuation marks in order to arrive at the evident intention and purpose of the Legislature, but it also allows the substitution or the transportation of words, if necessary to arrive at the true intention and purpose of the Legislature in enacting the statute and which was done by us in the Nichols case.    The rule when requisite to accomplish the purpose for which it was originally invoked is of universal application and is familiar to all members of the profession.    But it is never resorted to, unless the statute as framed, including the phraseology as well as punctuation, clearly fails to express the apparent and manifest purpose of its enactment, or would lead to some inconvenience, absurdity, hardship, or injustice, pre-

sumably not intended. The conditions, calling for its application, as stated in Endlich on the Interpretation of Statutes, section 295, and copied with approval by us in the Nichols case, is that:

> " 'Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modifies the meaning of the words, and even the structure of the sentence. This is done, sometimes, by giving an unusual meaning to particular words; sometimes by altering their collocation; or by rejecting them altogether; or by interpolating other words; under the influence, no doubt, of an irresistible conviction, that the Legislature could not possibly have intended what its words signify, and that the modifications thus made are mere corrections of careless language, and really give the true intention. The ascertainment of the latter is the cardinal rule, or rather the end and object, of all construction, and where the real design of the Legislature in ordaining a statute, although it be not precisely expressed, is yet plainly perceivable, or ascertained with reasonable certainty, the language of the statute must be given such construction as will carry that design into effect, even though in so doing the exact letter of the law be sacrificed, or though the construction be, indeed, contrary to the letter.' See, also Bowman v. Hamlett, 159 Ky. 184 (166 S. W. 1008)."

Such being the foundation of the rule the question presented is: Does the language and the punctuation of section 4263-4, supra, create the conditions for its application as is contended for by counsel for plaintiff? The trial court was of the opinion that it did not, and we see no reason for disagreeing therewith. Prior to the 1918 amendment of section 4263-4 it was held by this court that certain revenues due the commonwealth of Kentucky did not come under the jurisdiction of revenue agents, and their authority was practically if not entirely confined to the assessing of property for and collection of strictly ad valorem taxes. The amendment

enlarged their authority so as to include the right to collect various other sources of state revenue. It had also been held by this court that all kinds of school taxes were, in legal effect, state taxes (City of Louisville v. Commonwealth for School Board, 134 Ky. 488, 121 S. W. 411; City of Louisville v. Board of Education, 154 Ky. 316, 157 S. W. 379, and North Vernon Lumber Co. v. City of Louisville, 163 Ky. 467, 173 S. W. 1120), and in the cases of Whitt v. Wilson, 212 Ky. 281, 278 S. W. 609, and Hoskins v. Ramsey, 197 Ky. 465, 247 S. W. 371, we held that a district school officer, such as a member of the board of education, was not an officer of a city, or county or any subdivision of a county, but was a state officer, because his duties appertained to the carrying out of the purposes of a state institution—i. e., the general school system. So that school taxes can be classified only as state taxes and not as local taxes levied and collected exclusively for the particular territory, district, or subdivision in which they may be expended for public schools therein conducted.

But it is argued in support of the contention made that there is no such tax known to the law as *county* school taxes and that the Legislature in the section, supra, when it said, "or any county school or district school taxes due any county or school district," clearly did not intend to refer to a specified local school tax (county school tax) that was unknown to the law. There would be much force in the argument if both the Legislature and the courts, including this one, had not continuously referred to and designated that portion of the public funds allotted to public school purposes (and to be expended within the county by its board of education) as a *county* school tax or a *county* school fund. Illustrations of instances where such designations are employed in statutes may be found in sections 4099, 4376b, 4383a-2, 4398a-5, 4399a-3, 4399a-4, 4399a-5, 4399a-10, 4399a-11, 4420a-1, 4426a-2, 4526c-1, and 4526c-2, and in the case of Ross v. County Board of Education, 196 Ky. 366, 244 S. W. 793, the opinion designates the public schools within the county as "county schools." From all of which it is clearly apparent that the Legislature, the courts, and the people generally understand, refer to, and designate the public schools within a county as "county schools" and the taxes, or funds by which they are supported and conducted, as "county school funds."

The Legislature, therefore, in using the expression in the section, supra, "county school or district school taxes," clearly and evidently meant school taxes due by taxpayers residing within the county or district and to be expended when collected in support of the public schools therein. When we attribute that meaning to the designated tax, and which is so generally employed, there is absolutely no ambiguity or contradiction or other misleading phrases or punctuation to be found in the statute, and, consequently, it means exactly what it says—i. e., that the revenue agent by this character of action could collect the enumerated taxes due the commonwealth, and, in addition thereto, any county school taxes or district school taxes, but that he could collect no other local tax due either the county, municipality, or a district. Therefore, when the statute later provides for the collection of a penalty on the taxes due "to the state, county or district," the Legislature necessarily contemplated, as we are authorized to conclude under the maxim of noscitur a sociis, such county or district taxes as it had designated above—i. e., school taxes for each of such subdivisions. So interpreted the statute is perfectly harmonious and all of its parts coincide to accomplish the evident purpose and intention of the Legislature. Indeed, to adopt the contention of plaintiff's counsel would render the statute redundant and tautological.

Thus far we have made no mention of sections 181 and 181a of the Constitution, relative to the authority of the Legislature "to assess and collect" taxes for the purpose of "any county, city, town or other municipal corporation," it being contended by defendant's counsel that if the statute, supra, should be given the meaning contended for by plaintiff's counsel it would be in conflict with those sections of the Constitution in that it would create an imposed method of collecting such local taxes. Whether that be true or not it is unnecessary for us to determine, in view of the interpretation we have given the statute; but, clearly, it would not be an invasion of those constitutional provisions for the Legislature to provide for the collections of school taxes, since they, as we have seen, are classified as state taxes.

Wherefore the judgment is affirmed, the whole court sitting, except Judges Dietzman and Rees, not sitting because of disqualification.