## Commonwealth ex rel. Baxter Commonwealth's Attorney, v. Burnett.

(Decided February 17, 1931.)

W. J. BAXTER and GLENN RICKETTS for appellants,

ROBERT BRONAUGH and GEORGE R. HUNT for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This action was instituted by the commonwealth's attorney for the Twenty-Fifth judicial district against the appellee, H. C. Burnett, charging that on April 5, 1928, he had been duly elected county superintendent of schools of Jessamine county, and on the same day as superintendent of schools of Nicholasville, and on March 31, 1930, was appointed a member of the state text-book commission; that, by reason of the acceptance of either or both of the two last-named offices, averred to be incompatible, he had forfeited the office of county school superintendent under the terms of section 3744 of the Statutes. It was also alleged that no other person was entitled to any of those offices.

Section 486 of the Civil Code of Practice declares that one who continues to exercise an office after having committed an act which by law creates a forfeiture may be proceeded against for usurpation thereof. It is provided in section 483 that usurpation of office may be prevented by an ordinary action instituted by the person entitled to the office or by the commonwealth. Sections 484 and 485 are as follows:

"It shall be the duty of the several Commonwealth attorneys to institute the actions mentioned in this chapter against usurpers of county offices or franchises, if no other person be entitled thereto, or if the person entitled fail to institute the same during three months after the usurpation.

"For usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted and prosecuted by the Attorney-General."

A special demurrer was sustained to the petition, and it was dismissed. The appeal is from that judgment.

The issue sharply presented is whether the county school superintendent is to be classed as a county officer

within the meaning of section 484, quoted, and may therefore be proceeded against by a commonwealth's attorney. The question presents some difficulty, because of the general conception and statutory title of the office, coupled with the occupant's indirect election by the electorate of a single county; also because of some expressions to be found in several opinions of this court, apparently based upon the other suggested considerations. It is apparent that those observations and statements were unnecessary to the respective decisions or were used in a connection altogether different from that now presented. Nevertheless, they tend to confuse. Thus, in Schultz v. Ohio County, 226 Ky. 633, 11 S. W. (2d) 702, 704, a case which involved the determination as to whether a portion of a statute requiring the fiscal court to furnish an office to the county school superintendent had been repealed, it was said as a matter of history: "Notwithstanding the various enactments referred to, the general functions and primary duties of the head of the county school system have remained substantially the same, whether he was called a school commissioner and chosen by the fiscal court, or the school superintendent elected by the people for the first time in 1884, and later by the county board of education. He has always been regarded as an important county officer, whose duties and responsibilities have grown in importance and usefulness."

That was rested upon Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133, 136, construing the Constitution with reference to changing salaries of officers during their term, where it was stated, "The school superintendent is a county officer." And in Ridings v. Jones, 213 Ky. 810. 281 S. W. 999, 1001, in holding certain provisions of the Corrupt Practice Act were applicable to the election of members of the county board of education, they and the county superintendent were referred to as "important county officers." Perhaps there are other cases containing like expressions.

When we come to decide the direct question as to the classification of that officer as regards the application of the usurpation laws, we must take a different view.

Our Constitution evidences explicit care to promote public education as a duty of the state, making it mandatory upon the General Assembly to provide an efficient system. Section 183.

476

As stated in City of Louisville v. Board of Education, 154 Ky. 316, 157 S. W. 379, 380:

"We have several times written, in substance and effect, that every common school in the state, whether it be located in a populous city or in a sparsely settled rural district, is a state institution, protected, controlled, and regulated by the state, and that the fact that the state has appointed agencies such as fiscal courts, school trustees, and municipal bodies to aid it in the collection of taxes for the maintenance of these schools does not deprive them of their state character."

Several authorities are cited to sustain the statement. See, also, Moss v. City of Mayfield, 186 Ky. 330, 216 S. W. 842, and Board of Education of Jefferson County v. Board of Education of City of Louisville, 182 Ky. 544, 206 S. W. 869. Public education has always been regarded as a matter of state concern, and the state does not take its hands off the control and management of the school system by allowing or requiring the different localities to supplement the state's appropriation of funds by local taxation. City of Louisville v. Commonwealth, 134 Ky. 488, 121 S. W. 411. A municipality may not exempt manufacturing establishments from school taxes levied by local authorities for the benefit of the common schools situated therein, because such are purely state taxes. North Vernon Lumber Company v. City of Louisville, 163 Ky. 467, 173 S. W. 1120.

In Whitt v. Wilson, 212 Ky. 281, 278 S. W. 609, the court had occasion to consider the effect of certain legislation, and it was reiterated that the intention of the Legislature has always been to have the state retain absolute control of its public schools, the instrumentalities in charge of them, and the taxes collected for their maintenance. Following Hoskins v. Ramsey, 197 Ky. 465, 247 S. W. 371, it was there again declared that members of the county board of education are state and not county or municipal officers. Likewise, in Commonwealth, by Board, v. Louisville National Bank, 220 Ky. 89, 294 S. W. 815, it is pointed out that the court has several times held that a district school officer, such as a member of the board of education, is not an officer of a city, town, or county, or any subdivision of a county, but is a state officer, because his duties appertain to the carrying out

of the purposes of a state institution. This was reiterated in Fidelity & Deposit Company v. Christian County Board of Education, 228 Ky. 362, 15 S. W. (2d) 287.

In the recent case of Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S. W. (2d) 26, 27, in defining the county school superintendent as an important public officer rather than an employee of the board, without determining his classifictaion as a county or state officer, it was said that he "is the liaison officer of the board of education with the district trustees." In reciting his duties, it is shown that under section 4399a-10 he represents the state superintendent in the examination of teachers. There are many other duties enumerated in the statutes which make of him the responsible local representative of the state superintendent and state board of education, and their liaison officer with the county board and teachers.

In the progress towards the highest degree of efficiency, the Legislature more and more has centralized the control of the schools and sought uniformity and equality of advantage for the school children of the state as a whole. The state is divided into districts by section 4426a-1 of the Statutes, which provides that "each and every county in this Commonwealth shall compose one school district," excepting where a separate system shall be maintained in a city or town, which independent units are taken from the county as a school district. And though the county superintendent is chosen by the county board of education, which is in turn elected by the people of a single county outside of city or graded school districts, and though he primarily and principally functions within the territorial limits of that county, he is but confined to a school division or district. He is the administrative representative of the state department of education and the superintendent of public instruction and the executive agent of the county board in conducting those common schools lying within his particular school district, according to the statutes and the plans and regulations promulgated by the state officials. The school laws throughout make this provision and demand. There is not only close interrelation, but co-ordination as well, between him and those exercising executive authority over all the schools within the state's boundary. The county superintendent performs no duty for the county as a unit or subdivision or government. He is simply

478

chosen locally and functions locally as an officer of the state. We are therefore constrained on reason and analogous authority to hold that the office of county school superintendent is embraced in that class of offices which the Legislature deemed should come within the province of the Attorney General in the division of responsibility between him and a commonwealth's attorney for the prevention of usurpation therein.

We have not been concerned with the merits of the issue presented by the petition, or the interpretation of the various statutes relating to acceptance of an incompatible office and its effect, nor how the three offices alleged, or any two of them, are to be construed in such connection. We only pass upon the question as to the right of the commonwealth's attorney to maintain the action, and in doing so concur in the order sustaining the special demurrer to the petition.

Judgment affirmed.

Whole court sitting.